879 So.2d 724 (2004)
Calvin J. LEONARD, Jr.
v.
JAMES INDUSTRIAL CONSTRUCTORS.
No. 2003 CA 0040.
Court of Appeal of Louisiana, First Circuit.
May 14, 2004.
*726 Charles R. Davoli, Baton Rouge, Counsel for Claimant/Appellee Calvin J. Leonard, Jr.
David T. Butler, Jr., Baton Rouge, Counsel for Defendant/Appellant James Industrial Constructors.
Before: CARTER, C.J., FOIL, WHIPPLE, PARRO, FITZSIMMONS, KUHN, GUIDRY, PETTIGREW, DOWNING, GAIDRY, MCDONALD, and MCCLENDON, JJ.
MCDONALD, J.
An employer appeals a judgment finding that a work-related accident occurred and awarding penalties and attorney fees based on the finding that the employer had no reasonable basis to controvert the claim. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
Claimant, Calvin J. Leonard, Jr. was employed by James Industrial Constructors (JIC) on July 14, 1999, when he fell approximately 10 to 20 feet, from a pipe rack onto a stack of lumber. Leonard immediately complained of back pain and *727 was sent to the tool room by JIC, then told to take some time off to see if he would get better. A week later, Leonard returned to work requesting medical treatment. He was taken to Ascension Medical Clinic where he was evaluated and a drug screening was administered. The drug screen came back positive for Benzozyloconin(ph), a cocaine metabolite. Based on the positive drug screen, the claim for benefits was denied.
On July 27, 1999, Leonard filed a disputed claim for compensation. The matter was heard before the Office of Workers' Compensation (OWC) on May 29, 2002. Oral reasons for judgment were issued, and a judgment was signed July 15, 2002, finding that Leonard had sustained an accident in the course and scope of his employment on July 14, 1999, entitling him to temporary total disability benefits from July 14, 1999 to August 8, 1999; that Calvin Leonard had violated La. R.S. 23:1208 as of August 8, 1999, and therefore had forfeited his rights to all workers' compensation benefits from that date forward; that Leonard's claim was not reasonably controverted and therefore JIC was subject to a two thousand dollar ($2,000.00) penalty and three thousand dollar ($3,000.00) attorney fee, as well as a two thousand dollar ($2,000.00) penalty and three thousand dollar ($3,000.00) attorney fee for failure to pay medical benefits; and that JIC was responsible for all medical bills of Dr. Jack Loupe, the July 28, 1999 emergency room visit, and an MRI bill. JIC timely filed a suspensive appeal.
Appellant asserts four errors for review: 1. the OWC judge committed error in finding Leonard suffered an accident in the course and scope of his employment with JIC; 2. the OWC judge committed error in finding Leonard did not violate La. R.S. 23:1208.1; 3. the OWC judge committed error in finding Leonard did not violate La. R.S. 23:1208 prior to August 8, 1999; and 4. the OWC judge committed error in awarding workers' compensation benefits, medical expenses, penalties and attorney's fees where a violation of La. R.S. 23:1208 was found.

LAW AND ANALYSIS
The claimant in a compensation action has the burden of establishing a work-related accident by a preponderance of the evidence. Nelson v. Roadway Express, Inc., 588 So.2d 350 (La.1991).. A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt about the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged accident. Bruno v. Harbert Intern. Inc., 593 So.2d 357 (La.1992).
JIC argues that voluminous evidence calls into question Leonard's credibility, and whether he experienced an accident in the course and scope of his employment is, to a large extent, dependent upon his credibility since there were no witnesses who actually saw Leonard fall. There is no doubt that Leonard's credibility is suspect, considering the documented evidence of his lying and the OWC judge's comment that he could not be believed. However, at this point the focus of our inquiry is on the alleged accident. Leonard's veracity is only at issue to the extent that circumstances do not corroborate his testimony or other evidence discredits or casts serious doubt upon his allegations.
The OWC judge's determination as to whether the worker's testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or manifestly *728 erroneous. Gonzales v. Babco Farm, Inc., 535 So.2d 822, 824 (La.App. 2d Cir.), writ denied, 536 So.2d 1200 (La. 1988). The OWC judge not only had the testimony of Leonard that he fell, but also the corroborating testimony of his co-worker, Erven Albarado. Albarado testified that he was working in close proximity to Leonard and had seen him working prior to the fall. Although not actually witnessing the fall, Albarado heard the fall and saw Leonard on the lumber. We find that the evidence supports the OWC judge's finding that a work-related accident did occur.
The workers' compensation statutes provide two separate anti-fraud forfeiture provisions, which employers may use to affirmatively defend against paying a claim. Louisiana Revised Statutes 23:1208.1 is applied when a falsity was made on an employer's medical questionnaire, before the accident or injury. Wise v. J.E. Merit Constructors, Inc., 97-0684 (La.1/21/98), 707 So.2d 1214, 1218. JIC argues that Leonard's pre-employment questionnaire denies any prior back or neck difficulties; however, medical records introduced into evidence demonstrate preexisting back and neck difficulties. The Louisiana Supreme Court has clearly enunciated when the forfeiture provision of La. R.S. 23:1208.1 is applicable. In Wise, the court noted that the significance of the falsity on the questionnaire is that an untruthful statement regarding a preexisting condition is prejudicial to the employer's ability to recover from the second injury fund. The court then restated its holding in Resweber v. Haroil Construction Co., 94-2708, 94-3138 (La.9/5/95), 660 So.2d 7 that the forfeiture penalty of La. R.S. 23:1208.1 is only imposed when an employer is prejudiced. An employer is prejudiced only when the false statement directly relates to the medical condition for which a claim is made or affects the employer's ability to receive reimbursement from the second injury fund. Wise, 707 So.2d at 1218. Forfeiture is a harsh remedy and statutory forfeiture must be strictly construed. An employer has the burden of proving each element within the statute, and the lack of any one of the elements is fatal to an employer's avoidance of liability. Wise, 707 So.2d at 1218.
In the instant case, JIC relied upon medical records showing that Leonard reported to the emergency room of several hospitals on numerous occasions prior to the accident at issue, complaining of low back pain. However, Leonard also testified that he had lied about his back pain on those occasions for the purpose of obtaining pain medication because of a drug addiction. He denied actually having any prior back problems. As the trier of fact, the OWC judge may accept, in whole or in part, the testimony of any witness. See Alcorn v. City of Baton Rouge, XXXX-XXXX (La.App. 1st Cir.6/27/03), 851 So.2d 1194. Clearly, the OWC judge accepted Leonard's testimony that he had not had any prior back problems and therefore, had not given an untruthful answer on his pre-employment questionnaire.
The OWC judge reviewed all of the medical evidence regarding Leonard and noted that he did have a preexisting degenerative back condition that was aggravated by the work accident. However, this finding was based upon diagnostic studies conducted after the accident. The OWC judge also found that the accident, involving a fall of 10 to 20 feet, with Leonard landing on his back on a stack of 4 × 4 lumber, could not be sustained without injury. While Leonard complained of back pain prior to the accident, the record is devoid of medical evidence, such as diagnostic studies or physician's reports, that document a degenerative back condition *729 prior to his employment with JIC. Review of the medical records indicates that Leonard would report to the emergency room with a complaint of back pain, seeking pain medication. According to the emergency room records, very rarely were diagnostic tests of any kind conducted to verify his complaints, and none of the records indicate a specific diagnosis of a degenerative back condition. They simply show the diagnosis as "low back pain" or some similar generic diagnosis.
JIC failed to demonstrate that any allegedly false statements made by Leonard on the pre-employment questionnaire affected its ability to receive second injury fund relief. The issue of whether an allegedly false statement by a claimant requires forfeiture of his workers' compensation benefits is one of fact, which is not to be reversed on appeal absent manifest error. Short v. Gaylord Chemical Corp., 98-0606 (La.App. 1st Cir.4/1/99), 731 So.2d 493, 499. We find no error in the OWC judge's failure to find Leonard in violation of La. R.S. 23:1208.1.
Similarly, the issue of whether an allegedly false statement or misrepresentation by an employee requires forfeiture of workers' compensation benefits pursuant to La. R.S. 23:1208 is one of fact, which is not to be reversed on appeal absent manifest error. The party who requests that benefits be forfeited must show that the claimant's statements were not only false, but must also show that the statements were willful and deliberately made with the intent to obtain benefits. Williams v. Sheridan Construction Co., Inc., XXXX-XXXX (La.App. 1st Cir.9/28/01), 811 So.2d 8, writ denied, 01-2865 (La.01/11/02), 807 So.2d 239. After meticulously reviewing the medical evidence in this matter, the OWC judge found that Leonard had a history of seeking pain medication because he had "a big drug problem." In general, his complaints when he sought medication were of back pain, and he had told physicians that he had ruptured and shattered discs. Upon being questioned in his deposition as to whether he had ever had any back problems, Leonard said, "No, I was lying to get drugs." In addition to the pre-accident drug-seeking incidents, the OWC Judge found that Leonard had lied to get drugs on August 8, 1999. Because drugs is a workers' compensation benefit that claimant lied to secure, the OWC judge found him in violation of La. R.S. 23:1208 and ordered his workers' compensation benefits forfeited from that date forward. We find no error in this decision by the OWC judge.
Finding no manifest error in the OWC judge's determination that the first false statement for the purpose of obtaining benefits occurred on August 8, 1999, the issue we must now address is whether the OWC judge committed legal error in ordering the forfeiture of benefits effective from the date of the misrepresentation. In LeBlanc v. Grand Isle Shipyard, Inc., 95-2452 (La.App. 1st Cir.6/28/96), 676 So.2d 1157, 1164, this court held that the statutory language in La. R.S. 23:1208 does not limit the forfeiture of benefits to the time period after the claimant makes the false statements or misrepresentations.
In LeBlanc, the OWC judge had limited the employee's forfeiture of benefits to only those benefits that would have accrued after the date of the misrepresentation. This court, however, concluded that the OWC judge erred in awarding the employee any benefits, noting that the language of La. R.S. 23:1208 was clear and required forfeiture of any benefits. This was interpreted to include benefits both prior to and subsequent to the misrepresentation.
*730 Further, JIC argues that a finding of a violation of La. R.S. 23:1208 requires forfeiture of any benefits from the time of the injury, relying on St. Bernard Parish Police Jury v. Duplessis, XXXX-XXXX (La.12/4/02), 831 So.2d 955. In Duplessis, the employee, who had been receiving workers' compensation benefits for nine years, falsified mileage reports for the purpose of obtaining more mileage reimbursement than the amount actually owed. The OWC judge found that the employee had willfully submitted false mileage reports, violating La. R.S. 23:1208, but that only the mileage benefit would be forfeited and not other benefits. The court of appeal affirmed the judgment. The Supreme Court reversed, finding that although the willfully false statement related only to the claim for mileage reimbursement, the statute provides that any employee found to be in violation of La. R.S. 23:1208 would "forfeit any right to compensation benefits." Therefore, the court held that forfeiture of all workers' compensation benefits, not just those benefits that the false statement concerned, was mandated.
Significantly, however, the court did not address when the forfeiture was to be effective, and we do not find that Duplessis requires the result for which JIC argues. Regarding the point at which forfeiture applies, we note that in Resweber, the Louisiana Supreme Court stated that La. R.S. 23:1208 "applies to any false statement or misrepresentation, including one concerning a prior injury, made specifically for the purpose of obtaining workers' compensation benefits and therefore generally becomes applicable at the time of an employee's accident or claim." Resweber, 660 So.2d at 9 (emphasis added). This language suggests that there is no inflexible rule on when the forfeiture is effective. Specifically, where, as here, the misrepresentation is not made at the time of the accident, but occurs at some later time, we believe that the forfeiture should be effective at the time of the misrepresentation, rather than the time of the accident.
Interpreting La. R.S. 23:1208 to require forfeiture of benefits from the time of the misrepresentation prospectively, and not retroactively, comports with the law and jurisprudential rules on statutory interpretation.[1] The word "any" in the statute is quantitative, not temporal. As noted previously, statutory forfeiture of workers' compensation benefits is a harsh remedy and, as such, must be strictly construed. It is also noteworthy that the statute is quasi-penal, and such statutes are to be strictly construed. See Faught v. Ryder/P*I*E Nationwide, Inc., 543 So.2d 918, 921 (La.App. 1st Cir.1989), writ denied, 545 So.2d 1040 (La.1989). Further, retroactive application would not result in a "forfeiture" of benefits, but, in effect, a "denial" of benefits, if it included benefits to which the employee was undisputedly entitled. Therefore, we overrule the decision of this court in LeBlanc to the extent that it requires forfeiture of benefits pursuant to La. R.S. 23:1208 prior to the date of the misrepresentation.

Penalties and Attorney Fees in La. R.S. 23:1208 Forfeiture
JIC argues that the OWC judge committed legal error in awarding indemnity benefits, medical expenses, penalties, and attorney fees after finding that Leonard had violated La. R.S. 23:1208. Citing St. Bernard Parish Police Jury v. Duplessis, XXXX-XXXX (La.12/4/02), 831 So.2d 955, JIC asserts that the Louisiana Supreme Court has taken an "all or nothing" approach to the forfeiture of benefits and all benefits should have been forfeited by *731 Leonard, including penalties and attorney fees. We do not agree.
Penalties and attorney fees are not benefits awarded to an employee; they are sanctions imposed on an employer, subject to the same standard of appellate review as any other factual determination made by the OWC judge. This is clear from the relevant statutory provisions, as well as the supreme court's discussion of the multiple penalty issues in Fontenot v. Reddell Vidrine Water District, 02-0439, 02-0442, 02-0478 (La.1/14/03), 836 So.2d 14. The penalties imposed by the OWC judge are authorized by law and well supported in the reasons for judgment. The attorney fees are similarly authorized and are reasonable. We find no error in the OWC judge's judgment imposing penalties and attorney fees.

Attorney fees for Answering Appeal
Leonard filed a timely answer to this appeal seeking additional attorney fees for defending JIC's appeal. Workers' compensation claimants are entitled to increased attorney fees to reflect additional time and effort spent in defending an employer's unsuccessful appeal. Gallien v. Winn-Dixie, 96-832 (La.App. 3rd Cir.12/11/96), 685 So.2d 531, 537. We find Leonard's request for attorney fees to be supported in law and reasonable. Therefore, we find that Leonard is entitled to collect attorney fees for the prosecution of this proceeding in the amount of $2,500.00.

CONCLUSION
For the reasons assigned herein the judgment of the OWC judge is affirmed. Judgment is further rendered in favor of Calvin J. Leonard, Jr. for attorney fees in the amount of $2,500.00. Costs are assessed to James Industrial Constructors.
AFFIRMED.
FITZSIMMONS, J., concurs for the reasons assigned by Judge KUHN.
PARRO, J., concurs.
CARTER, J., dissents with written reasons.
FOIL, J., dissents.
WHIPPLE, J., concurs and assigns reasons.
KUHN, J., concurs and assigns reasons.
GUIDRY, J., concurs.
McCLENDON, J., concurs and assigns reasons.
WHIPPLE, J., concurring.
I agree with the majority's conclusion herein that forfeiture of "any right to compensation benefits" under LSA-R.S. 23:1208 applies to benefits accruing after the misrepresentation only. I write separately to express my opinion that a reading of LSA-R.S. 23:1208 as a whole supports such an interpretation. Specifically, LSA-R.S. 23:1208(D) provides that an employee who violates this statute may be ordered to pay restitution, but only with regard to "benefits claimed or payments obtained through fraud." Thus, an employee found to have violated LSA-R.S. 23:1208 may be ordered to reimburse the employer, but only for those benefits fraudulently obtained, not all benefits ever paid. If in fact section (E) of LSA-R.S. 23:1208 were read to provide that, regardless of when the misrepresentation occurs, forfeiture of all benefits is retroactive to the date of the accident, then presumably, the employee should owe reimbursement of all benefits to which he had ever been entitled. However, LSA-R.S. 23:1208(D) clearly does not provide for such reimbursement.
*732 In Our Lady of the Lake Regional Medical Center v. Helms, 98-1931, p. 9 (La. App. 1st Cir.9/24/99), 754 So.2d 1049, 1055, writ denied, 99-3057 (La.1/7/00), 752 So.2d 863, the employee had been receiving workers' compensation benefits for over three years when the OWC judge determined that she had committed fraud in order to obtain further benefits (apparently with regard to representations she made about her continued disability). Accordingly, the OWC judge concluded that the employee had forfeited her right to further benefits and that the employer was entitled to restitution pursuant to LSA-R.S. 23:1208(D). However, the OWC judge opined that the OWC court did not have jurisdiction to render an award of reimbursement to the employer. Helms, 98-1931 at p. 3, 754 So.2d at 1051.
This court reversed the finding that the OWC judge did not have jurisdiction to order restitution and remanded the matter for the OWC judge to "determine when the fraud began and to determine the amount of restitution to be made." Helms, 98-1931 at p. 7, 754 So.2d at 1053. Importantly, in a concurring opinion, Judge Weimer wrote separately to clarify that while all compensation would be forfeited when a fraudulent statement is made at an initial stage of the claim, where an employee was clearly hurt on the job, but makes a misrepresentation at a later stage of a claim, the employee should only owe reimbursement of benefits received after the false statement was made. Helms, 98-1931 at p. 1, 754 So.2d at 1056 (Weimer, J., concurring).
Thus, reading LSA-R.S. 23:1208 as a whole supports the conclusion that LSA-R.S. 23:1208(E) applies prospectively only, from the date of the misrepresentation. I respectfully concur.
KUHN, J., concurring.
The majority has correctly concluded that forfeiture of "any right to compensation benefits" under La. R.S. 23:1208(A) and (E) is limited to that time subsequent to the willful false statement or misrepresentation. I write separately to note that this result is underscored by the statutory language of subsection D, which permits restitution in favor of an employer or insurer "only ... for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct." To hold otherwise turns a blind eye to the underlying principle that workers' compensation causes of action are in derogation of the general rights of tort victims and is simply an infliction of "a draconian penalty that deprives workers' compensation claimants of their rights to compensation not reasonably related to ... the misrepresentation." See St. Bernard Parish Police Jury v. Duplessis, XXXX-XXXX, p. 3 (La.12/4/02), 831 So.2d 955, 962 (Calogero, J., dissenting). While Subsection E clearly and unambiguously mandates forfeiture of "any right to compensation benefits" upon the finding of a willful false statement or misrepresentation made for the purpose of obtaining or defeating any workers' compensation benefit or payment, Subsection D temporally limits the forfeiture to those instances subsequent to the willful statement or misrepresentation. Accordingly, I concur.
McCLENDON, J., concurring.
Clearly, LSA-R.S. 23:1208 requires the forfeiture of "any right to compensation benefits" that accrue after a misrepresentation by the claimant. However, the language of LSA-R.S. 23:1208 is not definitive with respect to the issue raised in this case of whether the forfeiture commences from the time of the misrepresentation or applies retroactively to those benefits due *733 the claimant prior to the misrepresentation. Relevant to this determination, I note that LSA-R.S. 23:1208(D) provides that "[r]estitution may also be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct." (Emphasis added.)
Legislation is the solemn expression of legislative will and, therefore, the interpretation of a law involves, primarily, the search for the legislature's intent. LSA-C.C. art. 1. Furthermore, statutory provisions should be construed as a whole with the remainder of the statute, and all statutes on the same subject matter should be read together and interpreted as a whole to effect the legislative intent and should be construed in such a way as to reconcile, if possible, apparent inconsistencies or ambiguities so that each part is given effect. Comm-Care Corp. v. Bishop, 96-1711 (La.7/1/97), 696 So.2d 969, 973 It is presumed that the intention of the legislative branch is to achieve a consistent body of law. In re Succession of Boyter, 99-0761, p. 9 (La.1/7/00), 756 So.2d 1122, 1130.
Applying the rules of statutory construction and reading these statutory provisions as a whole, it is apparent that the forfeiture of benefits begins at the time of the misrepresentation. To interpret the statute any other way would render the waiver of those benefits that accrued prior to the misrepresentation meaningless, as the employee would be allowed to retain said benefits. Such a holding would do nothing to further the legislative intent in promulgating section 1208, which is to prevent fraud in the area of workers' compensation. Therefore, I respectfully concur with the majority opinion.
CARTER, C.J., dissenting.
I respectfully submit that the majority opinion is legally incorrect. This court sitting en banc can reverse a prior opinion of this court, but it cannot and should not ignore the clear import of a supreme court opinion and the unambiguous language of an act of the legislature.
The OWC judge's finding that forfeiture of benefits pursuant to LSA-R.S. 23:1208 is effective only from the time that the fraudulent conduct occurs, rather than the time of the accident or claim, should be reversed. I am convinced that the clear and unambiguous language of LSA-R.S. 23:1208,[1] the supreme court's decisions in St. Bernard Parish Police Jury v. Duplessis, *734 02-0632 (La.12/4/02), 831 So.2d 955, and Resweber v. Haroil Construction Co., 94-2708 (La.9/5/95), 660 So.2d 7, and this court's decision in LeBlanc v. Grand Isle Shipyard, Inc., 95-2452 (La.App. 1 Cir. 6/28/96), 676 So.2d 1157 (which followed the rationale outlined by the supreme court in Resweber and is in full accord with St. Bernard), lead to the inescapable conclusion that any fraudulent conduct or misrepresentation by a workers' compensation claimant, regardless of when it occurred, results in the forfeiture of any and all benefits the claimant would otherwise be entitled to receive.
The majority attempts to distinguish the St. Bernard decision by concluding that St. Bernard does not address the point in time at which the forfeiture of benefits is to be effective, and then concludes that this circuit's LeBlanc case must be overruled. The majority is misinterpreting the supreme court's ruling in St. Bernard, which held that a claimant who willfully made a false statement regarding mileage reimbursements forfeited his right to any compensation benefits. St. Bernard, 831 So.2d at 960. St. Bernard did not limit the claimant's forfeiture to only the mileage reimbursements or to the time period after the misrepresentation. It is inconceivable that the majority concludes otherwise, because if a claimant's willfully false statement regarding mileage reimbursement results in forfeiture of all of his compensation benefits, then it follows that a claimant's willfully false statements regarding previous injuries in order to receive prescription drugs should also result in forfeiture of all of his compensation benefits.
There is no limiting language for the effective time period applicable to forfeiture of benefits in St. Bernard, Resweber, or in the statute itself. If the legislature had seen fit to limit the forfeiture of benefits to the time period after the fraudulent conduct had occurred, it certainly could have done so. In Subpart D of LSA-R.S. 23:1208, the legislature specifically limited the time period for restitution by providing that "[r]estitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct." However, there is no similar reference to a limitation on the time frame for forfeiture of benefits found in Subparts A and E of LSA-R.S. 23:1208, which provide that a willfully made false statement or representation made for the purpose of obtaining "any benefit or payment" shall result in the forfeiture of "any right to compensation benefits." Reading LSA-R.S. 23:1208 as a whole, the only conclusion that can be drawn is that the legislature intended to punish fraudulent conduct by mandating forfeiture of all benefits.
The legislature and the supreme court have made it clear that false statements willfully made for the purpose of obtaining workers' compensation benefits constitute an attempt to defraud the workers' compensation system. Once it is determined that a claimant has willfully made a false statement for the purposes of receiving any benefit or payment, the right to any and all compensation benefits is forfeited. While I recognize that the penalty provision of LSA-R.S. 23:1208 is harsh, the plain and unambiguous language corresponds with the legislative intent and policy to prevent fraud. See Resweber, 660 So.2d at 11-12 and St. Bernard, 831 So.2d at 960. As stated by Justice Weimer in his concurring opinion in the St. Bernard case:
Louisiana Revised Statute 23:1208(A) refers to "any benefit or payment" (singular), while LSA-R.S. 23:1208(E) refers to "any right to compensation benefits" (plural). Thus, if there is fraud related *735 to "any benefit or payment", the penalty is to forfeit all compensation `benefits".
...
While any fraud is intolerable, as the workers' compensation judge observed, it is a harsh penalty to lose medical benefits and compensation benefits as a result of fraud related to mileage payments. While it might be argued a better policy would be to confine the penalty to the specific benefit related to the fraud or to provide the workers' compensation judge discretion in imposing the appropriate penalty, the penalty to be imposed is a matter well within the discretion of the legislature. Our role must be to follow this legislative prerogative. In this matter, the statute is clear, if one engages in fraud to obtain "any benefit or payment," the penalty is to forfeit "any right to compensation benefits."
St. Bernard, 831 So.2d at 962, (Weimer, J., concurring).
I also agree with Chief Justice Calogero's statement, "that the Legislature should reconsider whether workers' compensation statutory reform should extend this far." St. Bernard, 831 So.2d at 962 (Calogero, C.J., dissenting). This court should not assume the role of the legislature by attempting to rewrite the penalty provision of LSA-R.S. 23:1208. Furthermore, this court should not ignore the supreme court's interpretation of LSA-R.S. 23:1208 as stated in St. Bernard.
Additionally, because I would reverse the OWC judge's finding on the forfeiture of benefits, I would likewise reverse the award of penalties and attorney fees against the employer. Once LSA-R.S. 23:1208 is found applicable and benefits are forfeited, the issue of whether the employer was arbitrary and capricious in denying benefits becomes moot. See KLLM v. Reed, 00-0295 (La.App. 3 Cir. 10/11/00), 771 So.2d 728, 733-34.
For these reasons, I respectfully dissent.
NOTES
[1] See Lasyone v. Phares, XXXX-XXXX (La.App. 1st Cir.5/22/02), 818 So.2d 1068, 1071.
[1] Louisiana Revised Statute 23:1208 provides, in pertinent part:

A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation
B. It shall be unlawful for any person, whether present or absent, directly or indirectly, to aid and abet an employer or claimant, or directly or indirectly, counsel an employer or claimant to willfully make a false statement or representation.
C. (1) Whoever violates any provisions of this Section ... shall be imprisoned ... or fined ... or both.
...
D. In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section may be assessed civil penalties by the workers' compensation judge ... and may be ordered to make restitution. Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct.
E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.
(Emphasis added.)