970 So.2d 626 (2007)
WAL-MART STORES, INC.
v.
William T. WHITE.
William T. White
v.
Wal-Mart Stores, Inc.
No. 2007 CA 0069, 2007 CA 0070.
Court of Appeal of Louisiana, First Circuit.
September 14, 2007.
*627 William T. White, Hammond, In Proper Person.
Brian A. Gilbert, New Orleans, for Appellant.
Scott F. Davis, Metairie, Charles M. Kreamer, Sr., Lafayette, Counsel for Appellee Wal-Mart Stores, Inc.
Before: PARRO, KUHN and DOWNING, JJ.
DOWNING, J.
In these consolidated workers' compensation suits, the employee, William T. White, appealed; the employer, Wal-Mart Stores, Inc. (Wal-Mart), answered the appeal. The Office of Workers' Compensation Judge (WCJ) ruled that Mr. White had failed to prove his entitlement to further indemnity or medical benefits and entered judgment denying his claims. It also entered judgment denying Wal-Mart's claim for forfeiture of benefits and awards of penalties and attorney fees pursuant to Louisiana's forfeiture statute, La. R.S. 23:1208. For the following reasons we affirm judgment:
The standard of review in workers' compensation cases are subject to the manifest error standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. An appellate court cannot set aside the WCJ's factual findings unless it determines there was no reasonable basis for those findings, or if there is support in the record for the findings, that the record as a whole shows the findings are clearly wrong. See Stobart v. State DOTD, 617 So.2d 880, 882 (La.1993).
Mr. White argues in his appeal, that the WCJ erred in concluding he was no longer entitled to benefits. Mr. White contends that he is still suffering from injuries he incurred from a fall while working in a Wal-Mart warehouse on April 21, 2005. Mr. White, however, presented no evidence other than his own testimony that he was unable to resume employment. Nor did he present any evidence that he required continued medical treatments for a work-related injury.
While a claimant's testimony can be enough to establish a claim, the trial court is not bound to accept this testimony. See *628 Bruno v. Harbert International Inc., 593 So.2d 357, 361 (La.1992). We note that Mr. White presented no medical evidence to support his claim. Thus, after a thorough review of the record, we conclude that the WCJ had a reasonable basis to deny Mr. White's claim, and the record as a whole supports that conclusion. The WCJ therefore, was not manifestly erroneous in concluding that Mr. White did not prove his entitlement to benefits. Mr. White's assignment of error is without merit.
In Wal-Mart's first assignment of error, it alleges that the WCJ erred in denying its La. R.S. 23:1208[1] claim which would have resulted in the forfeiture of Mr. White's benefits. Wal-Mart contends that Mr. White was willfully exaggerating his complaints to his physicians in an effort to obtain benefits. In support of this allegation, it offered a surveillance video showing Mr. White walking into a treatment facility with a cane and, later the same day, walking around performing routine errands without the cane. Wal-Mart argues that this surveillance tape strongly indicates that Mr. White was exaggerating his symptoms solely for the purpose of obtaining benefits. To bolster its argument, Wal-Mart presented the testimony of Marilyn Kovar, the treating physical therapist, who viewed the video. She testified that in her opinion, Mr. White's actions on the tape were not consistent with his physical complaints.
The surveillance video shows that sometimes Mr. White walked with a cane and that sometimes he did not. Both his treating physician and his therapist testified that the cane was never prescribed for Mr. White. Ms. Kovar said that walking with a cane may have improved Mr. White's balance, but the cane was really unnecessary. In fact, she testified that Mr. White needed to strengthen his muscles; therefore, it was better for his recovery for him to not use a cane.
The statutory forfeiture of benefits is a harsh remedy and must be strictly construed. Leonard v. James Industrial Constructors, 03-0040, p. 9 (La.App. 1 Cir. 5/14/04), 879 So.2d 724, 730. The WCJ evidently found that Mr. White's occasional use of the cane was not enough proof of exaggeration of his symptoms to actuate the forfeiture statute.
*629 After a thorough review of the record, exhibits and jurisprudence, we conclude the WCJ did not err in ruling that Wal-Mart failed to prove through the surveillance tape that Mr. White had willfully misrepresented his symptoms, thereby triggering the forfeiture statute. Thus, Wal-Mart's first assignment of error is without merit.
In Wal-Mart's second assignment of error, it alleges that Mr. White "forged" an "unable to work" slip, which offense also should have actuated the forfeiture statute and resulted in the loss of his benefits. In support of this argument, Wal-Mart claims that Mr. White deliberately misled the doctor's office staff into believing that Dr. Roch Hontas had said he was unable to return to work, when in fact, Dr. Hontas had intended for Mr. White to return to work in a light-duty capacity. Wal-Mart contends that these facts established a violation of La. R.S. 23:1208.
We note that Wal-Mart alleges that the "unable to work" document was forged by Mr. White. However, the paper stating that Mr. White was unable to return to work was not a forgery, but a document prepared by the staff in Dr. Hontas' office. Additionally, while the doctor's staff admitted that there was some confusion about the slips given to Mr. White, there was absolutely no evidence that Mr. White deliberately misled them with intent to obtain benefits. Even Dr. Hontas' testimony was vague about the discrepancies when confronted with Mr. White's "unable to work" slips. Evidently, the WCJ did not find that these discrepancies rose to the level of "willfully [making] a false statement or representation," See La. R.S. 23:1208 A, since it dismissed Wal-Mart's petition.
After a thorough review of the record, exhibits and jurisprudence, we conclude that the OWJ was not manifestly erroneous in ruling that Wal-Mart failed to meet its burden of proving that the circumstances surrounding the "unable to work" slips triggered the forfeiture statute. Thus, Wal-Mart's second assignment of error is without merit.
As these issues involve no more than an application of well-settled rules to a recurring fact situation, we affirm the judgment by memorandum disposition in accordance with Uniform Courts of Appeal Rule 2-16.1B. All costs of this appeal are assessed against Wal-Mart Stores, Inc.
AFFIRMED.
PARRO and KUHN, JJ., concur.
NOTES
[1] The applicable version of Louisiana Revised Statute 23:1208 provides, in pertinent part:

A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
* * * * * *3
C. (4) Notwithstanding any provision of law to the contrary which defines "benefits claimed or payments obtained", for purposes of Subsection C of this Section, the definition of "benefits claimed or payments obtained" shall include the cost or value of indemnity benefits, and the cost or value of health care, medical case management, vocational rehabilitation, transportation expense, and the reasonable costs of investigation and litigation.
D. In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section may be assessed civil penalties by the workers' compensation judge of not less than five hundred dollars nor more than five thousand dollars . . ., and may be ordered to make restitution. Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct.
* * * * * *3
E. Any employee violating this Section shall, upon determination by hearing officer forfeit any right to compensation benefits under this Chapter.