KLINE, J.
| aDefendant/Appellant, State of Louisiana through the Department of Health and Hospitals (“DHH”), appeals a final judgment of the Office of Workers’ Compensation (“OWC”) that awarded workers’ compensation benefits to its former employee. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

Claimant, Wilfred Fontenot, alleges he was involved in a work-related accident on October 15, 2009, while in the course and scope of his employment as an administrative assistant with DHH. Following the *697 accident, Mr. Fontenot filed a disputed claim for compensation with the OWC. Mr. Fontenot raised several claims, including the incorrect calculation of his workers’ compensation rate, the improper termination of his wage benefits, lack of authorization for medical treatment, and an alleged erroneous disability status designation, Mr. Fontenot also sought to recover all workers’ compensation benefits, including medical and indemnity benefits, as well as penalties and attorney fees.
Immediately prior to filing his disputed claim for compensation, Mr. Fontenot was charged in a separate criminal proceeding with felony theft, insurance fraud, and misrepresentation concerning workers’ compensation benefits in the amount of $12,054.54. These charges pertained directly to the benefits at issue in this workers’ compensation matter. No workers’ compensation benefits were paid to Mr. Fontenot following his arrest. At his arraignment, Mr. Fontenot pled not guilty.
DHH filed an answer to Mr. Fontenot’s claim, denying any knowledge of an accident occurring on October 15, 2009, which resulted in Mr. Fontenot incurring an injury or occupational disease. DHH further argued that Mr. Fontenot was not entitled to any medical, indemnity, or disability benefits, alleging the claimant had made false statements and material misrepresentations to obtain and maintain Rworker s’ compensation benefits. DHH asserted the affirmative defense of forfeiture, as Mr. Fontenot’s workers’ compensation benefits were terminated when it was discovered that he was simultaneously receiving both workers’ compensation and unemployment compensation benefits.
DHH filed a motion to continue the pretrial mediation and trial in the workers’ compensation case, pending the resolution of Mr. Fontenot’s criminal charges. The Workers’ Compensation Judge (“WCJ”) denied the continuance requested by DHH. Following the denial of the continuance, DHH filed a supervisory writ application with this court. This court declined to exercise supervisory jurisdiction on the writ application. Fontenot v. State, Department of Health and Hospitals, 2012-0002 (La.App. 1st Cir.1/4/12) (unpublished).
Following the trial on this matter, the WCJ ruled that DHH failed to meet its burden of proving that Mr. Fontenot forfeited his workers’ compensation benefits. DHH now appeals.

DISCUSSION

Forfeiture of Workers’ Compensation Benefits

DHH argues that Mr. Fontenot violated Louisiana Revised Statutes Annotated § 28:1208 by making false statements in order to obtain and maintain workers’ compensation benefits; therefore, his workers’ compensation benefits should be forfeited. Section 1208 provides in pertinent part:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
* * *
E. Any employee violating this Section shall, upon determination by workers’ compensation judge, forfeit any right to compensation benefits under this Chapter.
1/The requirements for forfeiture of any right to workers’ compensation benefits under Section 1208 are that: (1) there is a false statement or representation; (2) it is willfully made; and (3) it is made for *698 the purpose of obtaining or defeating any benefit or payment. Champagne v. Roclan Systems, Inc., 06-1928, p. 20 (La.App. 1 Cir. 2/20/08), 984 So.2d 808, 824, writ denied, 08-1356 (La.9/26/08), 992 So.2d 989. Once it has been determined that a false statement or representation has been made, the WCJ must make a factual determination as to whether, based on the record, the statement or representation was willfully made “specifically to obtain benefits, and thus to defraud the workers’ compensation system,” such that benefits should be forfeited. Issa v. LL & G Const., Inc., 02-1215, p. 8 (La.App. 1 Cir. 3/28/03), 844 So.2d 912, 917, writ denied, 03-1875 (La.10/31/03), 857 So.2d 480.
Forfeiture of workers’ compensation benefits is a harsh remedy, and statutory forfeiture must be strictly construed. An employer has the burden of proving each element within the statute, and the lack of any one of the elements is fatal to an employer’s avoidance of liability. Leonard v. James Indus. Constructors, 03-0040, p. 5 (La.App. 1 Cir. 5/14/04), 879 So.2d 724, 728, writ denied, 04-1447 (La.9/24/04), 882 So.2d 1139. Any employee who violates Louisiana Revised Statutes Annotated § 23:1208 shall, upon determination by a WCJ, forfeit any right to workers’ compensation benefits. La.Rev.Stat. Ann. § 23:1208(E). An employee is also subject to criminal and civil penalties, including restitution. La.Rev.Stat. Ann. § 23:1208(0 and (D).
Subsections 1208(F) and (G) also require the employer and employee to submit a form to the employer’s insurer that includes a summary of the fines and penalties for workers’ compensation fraud and further require the employee, upon reasonable request, to report his other earnings on a form to the employer’s insurer. These forms have been promulgated by the Louisiana Workforce Commission.
|fiThe issue of whether an allegedly false statement made by a claimant requires forfeiture of his workers’ compensation benefits is one of fact, which is not to be reversed on appeal absent manifest error. The party who requests that benefits be forfeited must show that the claimant’s statements were not only false, but must also show that the statements were willful and deliberately made with the intent to obtain benefits. Leonard, 03-0040 at p. 6, 879 So.2d at 729.
Mr. Fontenot claims to have been injured in a work-related accident on October 15, 2009. The fact of the accident is not in dispute. When his workers’ compensation benefits commenced, he signed a certification indicating that he understood and would comply with the obligation of notifying his employer’s insurer of any and all employment, including unemployment compensation. However, DHH did not provide Mr. Fontenot with the statutorily required forms, the 1020 and 1025(EE), to complete. Mr. Fontenot continued to receive workers’ compensation indemnity payments after his employment ended on May 12, 2010. On June 15, 2010, Mr. Fontenot applied for unemployment compensation benefits while still receiving workers’ compensation benefits. In order for an individual to receive unemployment compensation benefits, it must be determined that he “is able to work, available for work, and is conducting an active search for work.” La.Rev.Stat. Ann. § 23:1600(3)(a). Thus, not only was Mr. Fontenot required to certify that he was not receiving workers’ compensation for a job injury, he was also required to certify that he was willing and able to work. Despite this, Mr. Fontenot received workers’ compensation, and by deception, unemployment compensation benefits from June 26, 2010, through January 14, 2011.
*699 The WCJ ruled that Mr. Fontenot did not willfully make a false statement or representation for the purpose of obtaining workers’ compensation benefits pursuant to Louisiana Revised Statutes Annotated § 23:1208. We agree. While Mr. Fonte-not did make false statements when he told the Office of Unemployment | f,Security he was not receiving workers’ compensation benefits, his false statements were made for the purpose of obtaining unemployment compensation benefits, not workers’ compensation benefits. Mr. Fontenot never made a false statement to DHH regarding his receipt of unemployment compensation benefits, and DHH never asked Mr. Fontenot whether he was receiving unemployment compensation benefits. Mr. Fontenot’s failure to report his receipt of unemployment benefits to DHH does not amount to a “false statement” or “representation” in order to obtain workers’ compensation benefits.
Additionally, DHH was statutorily required to supply Mr. Fontenot with the 1020 employee’s monthly report of earnings form and the 1025(EE) employee certificate of compliance form that sets forth with particularity the fines and penalties for workers’ compensation fraud. However, DHH did not provide Mr. Fontenot with these forms prior to the termination of his benefits.[2] The ‘certification’ that was signed by Mr. Fontenot was a form stating that he was not to receive wages, unemployment compensation, or other compensation at the same time. This form did not include a summary of the fines and penalties for workers’ compensation fraud, the names, addresses, and phone numbers of the employee and employer, nor was it signed by the employer, or dated.
Furthermore, DHH was notified on June 13, 2010, by the Office of Unemployment Security that Mr. Fontenot had been awarded unemployment compensation benefits. Uncontroverted testimony before the trial court also revealed that DHH actually advised Mr. Fontenot to apply for unemployment compensation benefits the day after his position was terminated. At that time, DHH should have notified Mr. Fontenot that he could not receive both 17unemployment compensation benefits and workers’ compensation benefits at the same time and then notified the adjuster to apply week-for-week credits during any period unemployment compensation benefits were received, instead of continuing to pay workers’ compensation benefits.

Attorney Fees in Workers’ Compensation Forfeiture Action

After rejecting DHH’s fraud defense regarding the termination of Mr. Fontenot’s workers’ compensation benefits, the WCJ awarded Mr. Fontenot $10,000 in attorney fees. DHH argues that its conduct was not arbitrary and capricious, because there was a valid reason for terminating Mr. Fontenot’s benefits. DHH also asserts that, even if the award of attorney fees was proper, the award in this case was excessive.
Penalties and attorney fees are not benefits awarded to an employee; they are sanctions imposed on an employer, subject to the same standard of appellate review as any other factual determination made by the WCJ. Leonard, 03-0040 at p. 10, 879 So.2d at 731. The attorney fees *700 awarded by the WCJ were based on the time, energy, and efforts expended by Mr. Fontenot’s attorney and are supported in the reasons for judgment. We find no manifest error in the amount of attorney fees awarded by the WCJ.

CONCLUSION

For the foregoing reasons, the judgment of the Office of Workers’ Compensation is affirmed. All costs of this appeal, in the amount of $868.85, are assessed to the Defendant/Appellant, State of Louisiana through the Department of Health and Hospitals.
AFFIRMED.
PARRO, J., concurs without reasons.

. We are also unable to confirm that a 1025EE form was provided to Mr. Fontenot after his benefits were terminated. The claims adjuster, John Chamberlain, acknowledged that Mr. Fontenot was not sent a form 1025EE, and there is no form 1025EE in the record. The record also indicates that 1020 forms were sent to Mr. Fontenot’s attorney on February 9, 2011, after the benefits were terminated, but a 1025EE form is not included in the documents sent on that date.