**NOT FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2025 CA 0107

JOHNNY COUSAIN

VERSUS

SMITTY'S SUPPLY, INC. AND NATIONAL UNION FIRE INSURANCE
COMPANY

Judgment Rendered: ___SEP 1 9 2025___

* * * * *

ON APPEAL FROM
THE OFFICE OF WORKERS' COMPENSATION, DISTRICT 6
IN AND FOR THE PARISH OF ST. TAMMANY
STATE OF LOUISIANA
DOCKET NUMBER 21-04162

HONORABLE DIANE R. LUNDEEN, JUDGE PRESIDING

* * * * *

Adam M. Stumpf
Matthew A. Sherman
Bryan V. Recile
Walter Woodruff
Metairie, Louisiana

Attorneys for Defendants-Appellants
Smitty's Supply, Inc. and
National Union Fire Insurance Company

Chase T. Villeret
Madisonville, Louisiana

Attorney for Plaintiff-Appellee
Johnny Cousain

**BEFORE: MILLER, EDWARDS, AND FIELDS, JJ.**

Edwards, J. concurring w/ out reasons

Miller, J concurs w/out reasons

**FIELDS, J.**

In this workers' compensation case, the employer, Smitty's Supply Inc. ("Smitty's"), appeals an August 7, 2024 judgment awarding its former employee, Johnny Cousain, temporary total disability, medical benefits, penalties, and attorney's fees. Mr. Cousain has answered the appeal requesting a modification or reversal of the August 7, 2024 judgment insofar as it found Mr. Cousain committed fraud under La. R.S. 23:1208. Mr. Cousain further requests an award of additional attorney's fees for the work performed on the appeal. For the following reasons, we vacate in part, render in part, and affirm in part. We further deny the answer to the appeal.

## FACTS AND PROCEDURAL HISTORY

On June 30, 2021, Mr. Cousain was involved in a work-related accident while in the course and scope of his employment with Smitty's. Mr. Cousain was driving an 18-wheeler tanker truck when he "ran up on a scale with the back of [the] truck, . . . and the truck went up, threw [him] to the left side of the door, blew out a tire, [and] bent the rim[.]" The day of the accident Mr. Cousain informed Ray Smitty, the owner's son, of the accident and completed an accident report. The next day Mr. Cousain returned to work, but he did not report he sustained any injuries from the accident. Two days after the accident, Mr. Cousain was terminated.

On July 13, 2021, Mr. Cousain, through counsel, informed Smitty's via letter that Mr. Cousain suffered "from ongoing pain and discomfort from the injuries [he] sustained in his work-related accident on June 30, 2021." Mr. Cousain specifically complained of upper back, neck, and shoulder pain and stated he was unable to receive medical treatment due to financial hardship, resulting from the loss of his job. Mr. Cousain advised Smitty's that he selected Dr. Marco A. Rodriguez as his choice of spine orthopedic surgeon and requested that Smitty's accept the letter as a

2

formal written demand that Smitty's and its workers' compensation insurer authorize an initial evaluation by Dr. Rodriguez.

On July 28, 2021, Mr. Cousain filed a disputed claim for compensation with the Office of Workers' Compensation ("OWC"), naming Smitty's as his employer and National Union Fire Insurance as its insurer. Mr. Cousain averred that on June 30, 2021, he was driving a company vehicle on company property when he wrecked, injuring his shoulder, neck, and back. He claimed "[n]o wage benefits [had] been paid" and "[n]o medical treatment [had] been authorized." He asserted he was owed penalties, attorney fees, costs, and judicial interest.

On September 29, 2021, Smitty's filed an answer, admitting Mr. Cousain was an employee of Smitty's at the time of the alleged accident but denying Mr. Cousain's remaining claims. On September 20, 2023, Smitty's filed its first amended answer, asserting that Mr. Cousain made willful misrepresentations for the purpose of obtaining compensation in violation of La. R.S. 23:1208.[1]

The trial was held on February 5, 2024, and May 10, 2024. On August 7, 2024, the workers' compensation judge ("WCJ") rendered judgment in favor of Smitty's in part and Mr. Cousain in part. The WCJ found that as a result of the June 30, 2021 accident, Mr. Cousain sustained injuries to his lumbar and cervical spine and his shoulder, which required medical care that was provided by medical providers, including but not limited to, Dr. Rodriguez. The WCJ also found Mr. Cousain was temporarily totally disabled from August 3, 2021, the date Dr. Rodriguez diagnosed him, through October 25, 2021, the date of his last treatment, and he was entitled to temporary total disability benefits in the amount of $6,437.40. The WCJ also found that Mr. Cousain was entitled to physical therapy and office

---

[1] In its first amended answer, Smitty's also asserted that Mr. Cousain made false statements in violation of La. R.S. 23:1208.1. Before trial, Smitty's withdrew this claim.

3

visits, which LA Health Solutions requested and the OWC medical director approved, and to his choice of physician, Dr. Rodriguez.

The WCJ determined Smitty's failed to establish it reasonably controverted the request for payment of indemnity benefits, the request for payment or authorization of necessary and related medical care, and the request for authorization of choice of physician or there were conditions over which it had no control when it failed and/or refused to timely or otherwise pay indemnity benefits, pay for necessary and related medical care, and authorize Mr. Cousain's choice of physician as a result of the June 30, 2021 accident.

The WCJ ordered Smitty's to pay $5,000.00 in attorney's fees for failing and/or refusing to pay indemnity fees, $5,000.00 in attorney's fees for failing to pay or authorize necessary and related medical care, and $2,000.00 in attorney's fees for failing to authorize Mr. Cousain's choice of physician. The court also imposed three separate $2,000.00 penalties against Smitty's for each of the three violations. The WCJ also ordered Smitty's to reimburse Mr. Cousain $1,251.00 for payment of a medical bill for care he received from Dr. Rodriguez.

The WCJ further found Mr. Cousain violated La. R.S. 23:1208 because he willfully made false statements in his March 3, 2022 deposition for purposes of obtaining workers' compensation benefits. The WCJ assessed Mr. Cousain a $1,000.00 civil penalty payable to the Kids Chance Scholarship Fund of the Louisiana Bar Foundation. The WCJ ordered that Mr. Cousain forfeit any right to workers' compensation commencing on March 3, 2022.

From this judgment, Smitty's has appealed, and Mr. Cousain timely answered the appeal. In Smitty's sole assignment of error, it contends the WCJ erred as a matter of law when it ruled that Mr. Cousain's violation of La. R.S. 23:1208 warranted only the prospective forfeiture of workers' compensation benefits as opposed to forfeiture of any and all benefits to which he would otherwise be entitled.

4

## MISREPRESENTATION CONCERNING BENEFIT PAYMENTS

The workers' compensation statutes provide two separate anti-fraud forfeiture provisions that employers may use to affirmatively defend against paying a claim. When a claimant makes a false statement or misrepresentation during a pending claim for the specific purpose of obtaining workers' compensation benefits to defraud the system, as was alleged by Smitty's, La. R.S. 23:1208 applies. **Buggage v. Volks Constructors**, 2005-2002 (La. App. 1st Cir. 9/20/06), 945 So.2d 33, 34, writ denied, 2006-2757 (La. 1/26/07), 948 So.2d 170. Louisiana Revised Statutes 23:1208 provides in pertinent part:

> A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
>
> . . .
>
> E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.

The three requirements for forfeiture of the right to workers' compensation benefits under La. R.S. 23:1208 are: (1) there is a false statement or representation; (2) it is willfully made; and (3) it is made for the purpose of obtaining compensation benefits. Because forfeiture of workers' compensation benefits is a harsh remedy, statutory forfeiture must be strictly construed. **Shell Chemicals Geismar v. Walker**, 2021-1528 (La. App. 1st Cir. 7/5/22), 344 So.3d 158, 160-61. Thus, an employer has the burden of proving each element within the statute, and the lack of any one of the elements is fatal to an employer's avoidance of liability. **Id**. at 161.

The issue of whether an allegedly false statement or misrepresentation by the employee requires forfeiture of workers' compensation benefits pursuant to La. R.S. 23:1208 is a question of fact, governed by the manifest error standard of review on appeal. **Id**. Where the findings are based on determinations regarding the credibility

of a witness, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings. **Shell Chemicals Geismar**, 344 So.3d at 161.

In Mr. Cousain's answer to the appeal, he challenges the WCJ's finding that he made a willful false statement for the purpose of obtaining workers' compensation benefits.[2] Mr. Cousain contends that the WCJ committed manifest error by finding that he committed fraud under La. R.S. 23:1208. Mr. Cousain asserts that considering his testimony as a whole and the record before the court, the WCJ's finding are unreasonable because Smitty's did not prove by clear and convincing evidence that he willfully made the statements for the purpose of obtaining benefits. He argues that the statements made in the March 3, 2022 deposition were inadvertent and inconsequential. Conversely, Smitty's argues the WCJ's finding of fraud is free of manifest error.

The record reflects that on March 3, 2022, Mr. Cousain provided deposition testimony. Therein, he stated that he went to North Oaks Hospital to get checked out by a doctor before he learned he had been terminated, and during his visit to North Oaks, x-rays were taken. He indicated that he told Sidney Felder[3] about his visit to North Oaks on the same day he went to North Oaks.

At trial, however, Mr. Cousain clarified that he did not seek treatment at North Oaks after the accident. When asked if he went to North Oaks before he was fired, Mr. Cousain testified, "[t]hat's not true. I didn't go to the doctor. It was just an honest mistake." He admitted that during his deposition, he stated that he had gotten x-rays and that "they gave [him] two days off work[.]" However, he stated that his deposition testimony concerning seeing a doctor at North Oaks was not true and reiterated that his statements about the hospital were an honest mistake. At trial,

---

[2] For ease of understanding, we first address Mr. Cousain's challenge to the WCJ's finding that he made a willful false statement for the purpose of obtaining workers' compensation benefits.

[3] Mr. Felder was the acting supervisor while Mr. Cousain's supervisor was on vacation.

Mr. Cousain repeatedly stated that he mistakenly indicated that he went to North Oaks after the accident.

The WCJ found that Mr. Cousain willfully made false statements in his deposition for the purpose of obtaining workers' compensation benefits. In the WCJ's written reasons for judgment, it noted that the medical records introduced at trial reflected that Mr. Cousain did not receive medical care at North Oaks for injuries sustained due to the June 30, 2021 accident. The WCJ considered Mr. Cousain's trial testimony explaining that he was confused and mistaken about his visit to North Oaks because he visited North Oaks on numerous prior occasions. The WCJ observed that Mr. Cousain was not receiving benefits when he provided his deposition and "emphasizing medical care shortly after the accident would help to prove a contested injury." The WCJ remarked that Mr. Cousain seemed to be aware that whether he was injured was a contested matter.

On appeal, the issue to be resolved by this court is not whether the WCJ's ruling is right or wrong, but whether that ruling is a reasonable one. **Shell Chemicals Geismar**, 344 So.3d at 161. If the WCJ's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. **Id**. at 161.

We find no manifest error in the WCJ's factual findings. The evidence in the record supports the conclusion that Mr. Cousain's deposition testimony concerning his visit to North Oaks was false. Mr. Cousain admitted at trial that he did not visit North Oaks after the accident. Although Mr. Cousain testified that he was confused and made an honest mistake when he made those statements in his deposition, the WCJ did not find that testimony credible and found instead that he made the statements for purposes of obtaining workers' compensation benefits. Because the findings are based on determinations regarding Mr. Cousain's credibility, we give

7

great deference to the WCJ's findings. See **Shell Chemicals Geismar**, 344 So.3d at 161.

## FORFEITURE OF BENEFITS

Herein, after finding Mr. Cousain violated La. R.S. 23:1208, the WCJ ordered that Mr. Cousain shall forfeit any rights to compensation benefits under the workers' compensation act commencing on March 3, 2022. On appeal, Smitty's contends the scope of La. R.S. 23:1208's forfeiture contemplates all benefits. Smitty's further contends that La. R.S. 23:1208(E) does not contain limiting language to restrict forfeiture of benefits to a particular timeframe relative to the fraudulent conduct involved.

In **St. Bernard Parish Police Jury v. Duplessis**, 2002-0632 (La. 12/4/02), 831 So.2d 955, the employee, who had been receiving workers' compensation benefits for several years, submitted falsified mileage reports to request reimbursement for travel to receive medical care for the purpose of obtaining more mileage reimbursement than he was entitled to receive. **Id.** at 956. The WCJ found that the employee had willfully submitted false mileage reports, violating La. R.S. 23:1208, but only ordered that the mileage benefit would be forfeited and not the other benefits. The court of appeal affirmed the judgment. **Id.** at 957. The Supreme Court reversed, finding that although the willfully false statement related only to the claim for mileage reimbursement, the statute provides that any employee found to be in violation of La. R.S. 23:1208 would "forfeit any right to compensation benefits." Therefore, the Court held that forfeiture of all workers' compensation benefits, not just those benefits that the false statement concerned, was mandated. **Id.** at 960.

In **Leonard v. James Industrial Constructors**, 2003-0040 (La. App. 1st Cir. 5/14/04), 879 So.2d 724, 729, (en banc), writ denied, 2004-1447 (La. 9/24/04), 882 So.2d 1139, this court considered whether the WCJ committed legal error in ordering

forfeiture of benefits effective from the date of the misrepresentation. There, the WCJ found that the employee lied to get drugs on August 8, 1999. The WCJ determined that because drugs are a workers' compensation benefit that the employee lied to secure, the employee violated La. R.S. 23:1208. **Leonard**, 879 So.2d at 729. The WCJ ordered the employee's workers' compensation benefits forfeited from August 8, 1999, forward. **Id.** at 727. This court concluded that if the misrepresentation is not made at the time of the accident but occurs at some later time, the forfeiture should be effective at the time of the misrepresentation, rather than the time of the accident. **Id.** at 730. In doing so, this court overruled its earlier decision in **LeBlanc v. Grand Isle Shipyard, Inc.**, 95-2452 (La. App. 1st Cir. 6/28/96), 676 So.2d 1157, 1164, where this court previously held that the statutory language in La. R.S. 23:1208 does not limit the forfeiture of benefits to the time period after the claimant makes the false statements or misrepresentations. **Id.** at 730.

This court reasoned that to interpret La. R.S. 23:1208 to require forfeiture of benefits from the time of the misrepresentation prospectively, and not retroactively, comports with the law and jurisprudential rules on statutory interpretation. This court explained that the word "any" in the statute is quantitative, not temporal, noting that the statutory forfeiture of workers' compensation benefits is a harsh remedy and, as such, must be strictly construed. This court noted the statute is quasi-penal, and such statutes are to be strictly construed. This court reasoned that retroactive application would not result in a "forfeiture" of benefits, but, in effect, a "denial" of benefits, if it included benefits to which the employee was undisputedly entitled. **Leonard**, 879 So.2d at 730.

In **Leonard**, this court determined that **Duplessis** did not address when the forfeiture was to be effective. This court found **Duplessis** did not require that a finding of a violation of La. R.S. 23:1208 mandates forfeiture of any benefits from

9

the time of the injury. Concerning the point at which forfeiture applies, this court recognized that in **Resweber v. Haroil Construction Company**, 94-2708, 94-3138 (La. 9/5/95), 660 So.2d 7, the Louisiana Supreme Court indicated that La. R.S. 23:1208 "applies to any false statement or misrepresentation, including one concerning a prior injury, made specifically for the purpose of obtaining workers' compensation benefits and therefore **generally** becomes applicable at the time of an employee's accident or claim." **Leonard**, 879 So.2d at 730 (emphasis in original). The court in **Leonard** concluded that "[t]his language suggests that there is no inflexible rule on when the forfeiture is effective" and ultimately determined that, in that case, where the misrepresentation was not made at the time of the accident but sometime later, the forfeiture should be effective at the time of the misrepresentation. **Id**. at 730.

Applying these legal precepts to the instant case, we find the WCJ correctly ordered Mr. Cousain to forfeit any right to workers' compensation benefits from March 3, 2022, the date he made the false representation, onward. We further find no error in the WCJ's award of any benefits Mr. Cousain was entitled to before the date he made the false representation. Accordingly, the WCJ's August 7, 2024 judgment is affirmed in that respect.

## ATTORNEY'S FEES

Finally, Smitty's argues that the WCJ erred by awarding multiple attorney's fees in violation of La. R.S. 23:1201(J). Louisiana Revised Statutes 23:1201(J) provides:

> Notwithstanding the fact that more than one violation in this Section which provides for an award of attorney fees may be applicable, *only one reasonable attorney fee may be awarded against the employer* or insurer in connection with any hearing on the merits of any disputed claim filed pursuant to this Section, and *an award of such single attorney fee* shall be res judicata as to any and all conduct for which penalties may be imposed under this Section which precedes the date of the hearing.

10

[Emphasis added].

In the instant case, the WCJ awarded three separate attorney's fees in the amount of $5,000.00 for Smitty's failure to timely pay indemnity benefits, $5,000.00 for Smitty's failure to pay medical care resulting from the June 30, 2021 accident, and $2,000.00 for Smitty's failure to authorize Mr. Cousain's choice of physician. The WCJ found that Smitty's failed to establish that it reasonably controverted the request for indemnity benefits, the request for medical treatment, and the request for physician of choice or there were conditions over which it had no control when it failed and/or refused to timely pay indemnity benefits, pay for necessary and related medical care, and authorize Mr. Cousain's physician of choice as a result of the June 30, 2021 accident.

The separate award of attorney's fees for each violation by the trial court is legal error. **Russell v. Regency Hospital of Covington, LLC**, 2008-0538 (La. App. 1st Cir. 11/14/08), 998 So.2d 301, 306. As an appellate court, we are required to conduct an independent *de novo* review of the record with respect to the issue of attorney's fees, and, if we can, to render judgment on the record by application of the correct law. **Id**.

Smitty's does not dispute the total amount of the attorney's fees awarded by the WCJ, but the record reveals the WCJ committed legal error in awarding three separate awards of attorney's fees in the amounts of $5,000.00, $5,000.00, and $2,000.00. We therefore vacate the three awards of attorney's fees and render judgment in favor Johnny Cousain and against Smitty's Supply, Inc in the amount of $12,000.00 for attorney's fees together with legal interest from the date of the trial court's judgment until paid. See **Russell**, 998 So.2d at 307.

## ANSWER TO THE APPEAL

In his answer to the appeal, Mr. Cousain requested modification or reversal of the trial court's August 7, 2024 judgment insofar as it found he committed fraud

11

under La. R.S. 23:1208 and he requested an additional award of attorney's fees for the worked performed on the appeal.

Having previously found that the WCJ did not commit manifest error by finding that Mr. Cousain violated La. R.S. 23:1208, we now consider whether Mr. Cousain is entitled to an increase in attorney's fees for the additional time spent perfecting the appeal. A workers' compensation claimant is entitled to an increase in attorney's fees to reflect additional time incurred in defending the employer's unsuccessful appeal. **Life Flight of New Orleans v. Homrighausen**, 2005-2538 (La. App. 1st Cir. 12/28/06), 952 So.2d 45, 53, <u>writ denied</u>, 2007-0558 (La. 5/4/07), 956 So.2d 615; **Terrebonne v. St. Tammany Parish Hospital**, 2021-1212 (La. App. 1st Cir. 7/20/22), 347 So.3d 909, 920. In the instant case, Smitty's has obtained some relief on appeal. Therefore, we deny Mr. Cousain's request for additional attorney's fees on appeal.

## CONCLUSION

For the foregoing reasons, we vacate the portions of the August 7, 2024 judgment assessing attorney's fee award of $5,000.00, $5,000.00, and $2,000.00 against Smitty's Supply, Inc. and render judgment in favor Johnny Cousain and against Smitty's Supply, Inc. in the amount of $12,000.00 for attorney's fees together with legal interest from the date of the trial court's judgment until paid. In all other respects, the August 7, 2024 judgment is affirmed. We deny Johnny Cousain's answer to the appeal. Cost of this appeal are to be split equally between Johnny Cousain and Smitty's Supply, Inc.

**JUDGMENT VACATED IN PART; RENDERED; AND AFFIRMED IN PART. ANSWER TO APPEAL DENIED.**