WELCH, J.
12Plaintiff, Our Lady of the Lake Regional Medical Center (OLOL), appeals a judgment of the Office of Workers’ Compensation (OWC) finding that defendant, Richard Mire, did not commit fraud in violation of La. R.S. 23:1208. Mr. Mire appeals that portion of the judgment finding that he was able to work within the confines of the functional capacity evaluation (FCE) and seeks attorney’s fees for *54 additional work performed on both appeals. We vacate a portion of the judgment and affirm in part.
BACKGROUND
The record reflects that on May 17, 2006, Mr. Mire sustained an injury in a work-related accident while employed by OLOL. OLOL paid Mr. Mire compensation for temporary total disability or supplemental earnings benefits commencing on May 29, 2006. On January 10, 2012, OLOL and its insurer filed this disputed claim in the OWC, asserting that Mr. Mire violated La. R.S. 23:1208 by intentionally misrepresenting the nature and extent of his injuries in order to obtain workers’ compensation benefits. OLOL contended that Mr. Mire forfeited his right to benefits as a result of the violation and that Mr. Mire’s current symptoms were related to intervening events and not related to the alleged work-related accident. OLOL also claimed that Mr. Mire made intentional misrepresentations with respect to his post-accident earnings in violation of La. R.S. 23:1208, resulting in Mr. Mire’s forfeiture of any right to additional benefits.
OLOL’s case in chief consisted of the testimony of Mr. Mire and documentary evidence. OLOL sought to establish that Mr. Mire failed to disclose that he had earned income from Corrosion Test Supplies, Inc, (CTS), a company owned by his father, Donnell Mire. Essentially, OLOL relied on the fact that CTS, through Donnell Mire, paid electric, water, and gas bills for Mr. Mire’s home, which was located adjacent to the log cabin housing CTS, and also paid for gas for |aMr. Mire’s vehicle. OLOL also focused on three checks written from CTS to Mr. Mire: (1) a My 9, 2009 check in the amount of $190.03; (2) an August 6, 2009 check in the amount of $3,000.00; and (3) a September 21, 2011 check in the amount of $100.00, which was coded in the CTS general ledger as “contract labor.”
At the hearing, Mr. Mire and his father testified. Mr. Mire explained that he essentially ran CTS from 1982 to 1994, when he returned to school and turned the business over to his father. According to the Mires, CTS is Donnell’s business and Mr. Mire does not own any part of it and does not work for CTS. Both men acknowledged that Mr. Mire drives his father around on company business, helps his father with the computer, and sometimes stamps numbers on coupons produced by the business. However, both stated that Mr. Mire is not paid any income for these activities. Mr. Mire denied having worked for or having received any income from CTS since 2006. Mr. Mire and his father testified that money paid to Mr. Mire from CTS was treated by the company as a loan. Donnell Mire explained that when he pays bills on behalf of his son from the company, he records the amount in the company ledger as money owed to the company by Mr. Mire. Donnell Mire also explained that the reference to “contract labor” in connection with the September 11, 2011 $100.00 check written to his son was simply a mistake on his part in entering the payment in “QuickBooks,” the computer software he used to record the company’s finances. Mr. Mire admitted that he altered an entry in CTS’s general ledger regarding the $100.00 check to him that was categorized as “contract labor.” The record reflects that CTS’s general ledger, attached to its CPA’s deposition, contained a notation that the $100.00 check in question had been paid to Mr. Mire for contract labor and the check appeared in another portion of the ledger under the heading “Contract Labor.” However, in a computer printout of CTS’s general ledger supplied by Mr. Mire to |4OLOL’s attorney, the term “contract labor” was replaced with “Richard J. Mire,” and the *55 $100.00 check does not appear under the listing of checks written for contract labor during the same time period. Mr. Mire testified that he removed the reference to contract labor on that printout because it was a mistake and he moved the amount in the ledger to the loan he owed to his father.
Following the conclusion of the hearing, the Workers’ Compensation Judge (WCJ) ruled that OLOL failed to prove by a preponderance of the evidence that Mr. Mire committed fraud as defined by La. R.S. 23:1208. In written reasons for judgment, the WCJ found that Mr. Mire did not make any false statements, specifically finding Mr. Mire and his father, Donnell Mire, to be credible witnesses. In finding that Mr. Mire was not guilty of fraud, the WCJ made the following determinations:
There was no evidence to prove Mr. Mire earned any income for providing driving assistance to his elderly father, the sole proprietor of [Corrosion] Testing Services, CTS. CTS is Mr. Donnell Mire’s small home-based business, worked from a shed behind his home and the property next to the defendant, Mr. Richard Mire. Mr. Mire was provided with a home next to his father, gas funds, utilities and phone service by his father because he was his father. All of these facts were revealed to the employer through deposition and documentary evidence; nothing was hidden. The evidence was clear Mr. Mire[’s] livelihood depended on workers’ compensation income, social security income and monies provided to him by his elderly father who needed Mr. Mire’s assistance for daily living.
Mr. Donnell Mire ... provided some of these expenses to his son through his company, CTS, for tax purposes and that could prove to be a tax problem for him. However, that fact doesn’t equate to the employee, Mr. Mire, committing fraud. Mr. Donnell Mire could have a problem with the IRS in terms of how he is supplying a benefit to his son, but it is not workers’ comp fraud. The Court found Mr. Donnell Mire mistakenly typed in “contract labor” on one check in many years of them made to his son; that mistake did not equate to fraud. The Court found both Mr. Donnell Mire and Mr. Richard Mire to be credible witnesses. These gentlemen were forthcoming with many more facts than found in the documentary or surveillance evidence; indicating to the Court they were not hiding anything. There was absolutely no other evidence to conflict with the testimony of all family members and the deposition of the CTS accountant; Mr. Richard Mire had not been an employee of CTS for many years. Richard Mire borrowed funds from his father and records were kept on these funds for repayment purposes even to the extent he’d | .¡mortgaged his property in favor of his father, should something happen to him.
Additionally, the WCJ concluded that Mr. Mire did not deliberately misrepresent his condition to his physicians, Mr. Mire sustained no intervening accident or permanent aggravation to his work-related injury, Mr. Mire’s present condition is related to the May 17, 2006 work accident, and Mr. Mire could return to work within the confines of the FCE that was submitted into evidence. Lastly, the WCJ determined that no attorney’s fees were owed and ordered the parties to bear their own costs.
On April 24, 2013, the WCJ signed a judgment in accordance with these rulings. In its appeal, OLOL contests the WCJ’s determination that Mr. Mire did not commit fraud in violation of La. R.S. 23:1208. In his appeal, Mr. Mire contends that the *56 WCJ’s ruling that he could return to work within the confines of the FCE is premature and seeks an award of attorney’s fees for additional work performed on appeal.
FORFEITURE OF BENEFITS
OLOL contends that the trial court committed reversible error in finding that Mr. Mire did not commit fraud in violation of La. R.S. 23:1208 in light of evidence at trial showing that Mr. Mire altered the CTS general ledger in response to its subpoena by deleting the reference to “contract labor” associated with a payment made by CTS to Mr. Mire and because Mr. Mire knew that he could not earn income and receive workers’ compensation indemnity benefits at the same time. It insists that the WCJ’s credibility determinations were clearly wrong.
Louisiana Revised Statutes 23:1208A provides in part that “It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.” An employee violating La. R.S. 23:1208 shall forfeit any right to workers’ compensation | (¡benefits. La. R.S. 1208E. The three requirements for forfeiture of the right to workers’ compensation benefits under Section 1208 are: (1) there is a false statement or representation; (2) it is willfully made; and (3) it is made for the purpose of obtaining or defeating any benefit or payment. Fontenot v. State, Department of Health and Hospitals, 2012-1265 (La.App. 1st Cir. 4/2/13), 116 So.3d 695, 697-698. Forfeiture of workers’ compensation is a harsh remedy, and statutory forfeiture must be strictly construed. An employer has the burden of proving each element within the statute, and the lack of any one of the elements is fatal to an employer’s avoidance of liability. Id. at 698.
The issue of whether an allegedly false statement or misrepresentation by the employee requires forfeiture of workers’ compensation benefits pursuant to Section 1208 is one of fact, which may not be reversed on appeal absent manifest error. Dominic v. BREC, 2004-0485 (La.App. 1st Cir. 3/24/05), 907 So.2d 73, 76. Under that standard of review, in order to reverse the WCJ’s factual determination that Mr. Mire did not commit fraud, this court must find that a reasonable factual basis does not exist for the finding and that the finding is clearly wrong (manifestly erroneous). Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). On appeal, the issue to be resolved by this court is not whether the WCJ was right or wrong, but whether the WCJ’s conclusion was a reasonable one. Id.
In finding that OLOL failed to prove that Mr. Mire made false statements for the purpose of obtaining benefits in violation of Section 1208, the WCJ made a credibility determination, choosing to believe Mr. Mire and his father’s testimony that the reference to contract labor for a $100.00 check written by CTS to Mr. Mire was simply a mistake and that Mr. Mire corrected the mistake, Further, the WCJ found their testimony to be credible in concluding that Mr. Mire did not work for CTS following his injury, did not receive income from CTS, and the funds he did 17receive from that company were treated as a loan he was obligated to repay. Upon reviewing the evidence, we find no manifest error in the WCJ’s factual determination that Mr. Mire did not commit fraud in violation of Section 1208. Therefore, we may not disturb that ruling.
*57 RETURN TO WORK
Mr. Mire contends that the WCJ’s ruling that he was able to return to work within the confínes of the FCE was premature as this issue was not listed on either party’s pre-trial statements. Pursuant to Section 6007 of Title 40 of the Louisiana Administrative Code, governing pretrial procedure in the OWC, a pre-trial statement shall include the issues to be litigated by the parties. Section 6007(B) further provides that amendments to the pretrial statement shall only be by written motion and permitted only for good cause shown. No new issues shall be raised except by written order of the judge for good cause or upon mutual agreement of the parties. Mr. Mire also contends that the WCJ’s ruling was premature because his pain management physician, Dr. Braswell, had not released him to return to work at the time of the trial. He asks this court to reverse the ruling of the WCJ regarding his return to work status.
In its Form 1008 disputed claim for compensation, OLOL asserted that Mr. Mire violated La. R.S. 23:1208 by intentionally misrepresenting the nature and extent of his injuries in order to obtain benefits. It further asserted that Mr. Mire’s current symptoms were related to interceding events and not related to the alleged work-related accident. It asked for “all relief available to it for said violations, including forfeiture of benefits.” In its pretrial statement, OLOL claimed that the symptoms for which Mr. Mire received and continued to receive compensation benefits are related to intervening and/or superseding events that were caused by Mr. Mire’s failure to adhere to restrictions placed upon him by his treating physicians. It further alleged that Mr. Mire made intentional misrepresentations | ¿with respect to his post-accident earnings in violation of La. R.S. 23:1208 and for that reason forfeited his right to any additional benefits.
Regarding the issues to be litigated at the hearing, OLOL listed two issues in its pre-trial statement: (1) whether Mr. Mire’s current symptoms were related to the work accident or to intervening and superseding events; and (2) whether Mr. Mire violated La. R.S. 23:1208. In his pretrial statement, Mr. Mire stated that all facts and issues in dispute include that he had not made any false statements for the purpose of receiving workers’ compensation benefits.
Neither OLOL’s pleadings nor the parties’ pre-trial statements listed Mr. Mire’s ability to return to work as an issue to be litigated at the hearing, and neither issue set forth in OLOL’s pre-trial statement put Mr. Mire on notice that such could be contemplated at the hearing. Cf. Atwell v. First General Services, 2006-0392 (La.App. 1st Cir.12/28/06), 951 So.2d 348, 355, writ denied, 2007-0126 (La.3/16/07), 952 So.2d 699. OLOL contends that the issues to be litigated were expanded by mutual agreement of the parties. It insists that the issue of whether Mr. Mire could return to work was clear because both parties introduced exhibits pertaining to the issue and Mr. Mire’s attorney participated in the deposition of Mr. Mire’s treating physician in which he offered an opinion regarding Mr. Mire’s ability to return to work. It further notes that Mr. Mire introduced the records of Dr. Braswell at the hearing, the same records which he relies on as to the merits of his claimed inability to return to work. Finally, OLOL notes that Mr. Mire did not object at trial to any evidence offered by OLOL regarding his ability to return to work.
At the hearing, both parties introduced Mr. Mire’s medical records and depositions of Mr. Mire’s treating physicians. OLOL introduced a FCE prepared in 2011. The *58 only witness called by OLOL was Mr. Mire. OLOL questioned him at length regarding CTS, his post-accident involvement in CTS, and his receipt of | gmoney from that company. OLOL also questioned Mr. Mire regarding work he had performed around his home in 2006 despite the fact that his doctors restricted him to sedentary work such as grass cutting, doing some brick work, and cutting wood. The WCJ prohibited OLOL from further inquiring as to Mr. Mire’s activities prior to June 2009 in light of the fact that there was a consent judgment between the parties on all issues prior to that date. Thereafter, OLOL brought out the fact that Mr. Mire had surgery in July 2009, reported to his doctor that his leg pain was better shortly after the surgery, but in December 2009 and March 2010, reported to his doctor that his back pain was getting worse. OLOL questioned Mr. Mire regarding September 29, 2009 and November 10, 2009 notations in the records of Baton Rouge Lake Physical Therapy indicating that Mr. Mire reported straining his back after lifting a golf cart battery. This evidence was clearly relevant to OLOL’s assertion that Mr. Mire’s back pain was caused by superseding/intervening events. The WCJ made a specific finding that Mr. Mire sustained only a short-lived aggravation to his back while lifting the battery and found as a fact that Mr. Mire’s present back condition was related only to his work accident at OLOL.
The WCJ further found that Mr. Mire was at maximum medical improvement and based on all of the evidence, could return to work, within the confines of the FCE, at sedentary duty. The WCJ observed that Mr. Mire could continue to treat with Dr. Braswell under the medical treatment guidelines. However, after examining the record in its entirety, we conclude that the issue of whether Mr. Mire had reached maximum medical improvement and was able to return to work was not before the WCJ. The only issues raised by OLOL in this proceeding are whether Mr. Mire forfeited his right to workers’ compensation by making false statements concerning the receipt of post-accident “income” from CTS and whether Mr. Mire’s current back symptoms were caused by events | lf)unrelated to his work-accident. The WCJ found that OLOL failed to sustain its burden of proof on either issue, Should OLOL wish to litigate the issue of Mr. Mire’s disability status and his ability to return to work in order to justify terminating his compensation benefits, it may file a disputed claim in the OWC addressing these issues. Accordingly, we vacate that portion of the judgment decreeing that Mr. Mire is able to return to work within the confines of the FCE submitted into evidence.
ATTORNEY’S FEES
In his appellate brief, Mr. Mire requested an award of attorney’s fees for the work performed by his attorney in connection with both appeals of the WCJ’s rulings. However, in its judgment, the WCJ did not assess attorney’s fees, and Mr. Mire does not appeal that determination.
It is well settled that attorney’s fees are not allowed unless authorized by statute or contract. Stutts v. Melton, 2013-0557 (La.10/15/13), 130 So.3d 808, 814. The workers’ compensation law authorizes an award of attorney’s fees in certain instances, including where the employer fails to provide payment, fails to consent to the employee’s request to select a treating physician or change physicians when such consent is required, and discontinues benefits when such discontinuance is arbitrary and capricious or without probable cause. La. R.S. 23:1201(F) and (I). None of these instances are present *59 in this case.[1] Thus, because Mr. Mire has not demonstrated that the attorney’s fees he seeks are authorized by statute in the first instance, he is not entitled to an award for additional work performed on appeal.
JuCONCLUSION
For the foregoing reasons, that portion of the judgment finding that Mr. Mire is able to work is vacated; in all other respects, the judgment is affirmed. All costs of this appeal are assessed to Our Lady of the Lake Regional Hospital.
AFFIRMED IN PART; VACATED IN PART.

. Mr. Mire did not assert in this disputed compensation proceeding that OLOL did not timely pay any type of benefit to him or on his behalf, nor did he claim that OLOL ever discontinued paying benefits prior to the hearing on this matter.