WELCH, J.
12Defendant, Sanderson Farms, Inc., appeals a judgment of the Office of Worker’s Compensation (OWC) finding that claimant, Kelvin Varnado, did not commit fraud in violation of La. R.S. 23:1208. We affirm and issue this memorandum opinion in compliance with Uniform Rules — Courts of Appeal Rule Rule 2-16.1.B.
BACKGROUND
On September 28, 2011, Mr. Varnado had a work-related accident while in the course and scope of his employment with Sanderson Farms and sustained injuries as a result. Sanderson Farms paid Mr. Var-nado indemnity benefits following the accident, but terminated those benefits on December 11, 2011. Mr. Varnado returned to work for Sanderson Farms on December 13, 2011, and worked through January 22, 2012.
On May 2, 2012, Mr. Varnado filed this disputed claim against Sanderson Farms with the OWC seeking to recover workers’ compensation benefits, penalties, and attorney’s fees. Sanderson Farms denied that Mr. Varnado had a present work-related disability, and maintained that Mr. Varnado was not entitled to further indemnity benefits or medical treatment. In an amended answer filed on January 2, 2013, Sanderson Farms raised the affirmative defense of fraud, claiming that Mr. Varna-do forfeited his right to all benefits by submitting mileage reimbursement requests in excess of the actual mileage he traversed to and from various healthcare providers in violation of La. R.S. 23:1208.
A three-day trial was held in the OWC, during which the vast majority of the testimonial evidence centered on Sanderson Farms’ fraud defense. Specifically, Sand-erson Farms sought to establish that Mr. Varnado violated Section 1208 by submitting a 2-page document in which he requested reimbursement for 1282 miles travelled to and from 15 medical appointments he attended from September |s28, 2011 through November 8, 2011. It attempted to prove that during the time frame in question, Mr. Varnado was residing at his wife’s residence on Sims Lane in Hammond, Louisiana, and using that address to calculate the mileage Mr. Varnado *342 travelled to and from his medical appointments, Mr. Varnado overstated his mileage by 933.70 miles.[1]
Following the conclusion of the trial, the Workers’ Compensation Judge (WCJ) ruled in favor of Mr. Varnado on most of the issues presented. On June 17, 2014, the WCJ signed a judgment in which she: (1) ruled that Mr. Varnado met his burden of proving that he sustained injuries to his right wrist and lower back in the September 28, 2011 work accident and that he was disabled as a result of that accident; (2) ordered Sanderson Farms to pay Mr. Var-nado temporary total disability benefits from January 23, 2012, through August 1, 2012, and from December 12, 2012, through February 12, 2013, and to pay supplemental earnings benefits from thereafter; (3) awarded Mr. Varnado all medical benefits and expenses; (4) ordered Sanderson Farms to pay Mr. Varnado’s choice of pain management physician and his choice of surgeon for the assessment of spine surgery; (5) ruled that Mr. Varnado was not entitled to attorney’s fees and penalties for its termination of indemnity benefits or its failure to authorize and/or pay medical benefits; (6) assessed all costs against Sanderson Farms; (7) determined that Mr. Varnado did not violate La. R.S. 23:1208 and did not willfully make false statements or representations for the purpose of obtaining workers’ compensation benefits; and (8) awarded Mr. Varnado mileage reimbursement through the last day of trial based on the mileage from Mr. Varnado’s Sims Lane, Hammond, address, noting that the exact* starting point of Mr. Varnado’s travels for mileage reimbursement purposes could not be exactly determined for each date of travel | ^because the evidence showed that Mr. Varnado had separated from his wife after the accident and stayed at times at a residence on Hookfin Road in Kentwood, Louisiana.
In this appeal, Sanderson Farms contests only the WCJ’s determination that Mr. Varnado did not commit fraud with respect to his mileage reimbursement claim. Sanderson Farm contends that the WCJ committed reversible error in not finding that Mr. Varnado committed fraud in violation of La. R.S. 23:1208 by: (1) ignoring the evidence demonstrating that Mr. Varnado intentionally submitted mileage reimbursement requests that grossly overstated the actual mileage between his address on Sims Lane in Hammond and the various places to which he travelled; and (2) failing to find that Mr. Varnado perpetuated and exacerbated this fraudulent act by testifying falsely at trial that he was not living at the Sims Lane, Hammond address, but rather, had moved to Kent-wood. Sanderson Farms also contends that the WCJ committed manifest error in failing to find that Mr. Varnado committed fraud based on his submission at trial of MapQuest printouts purporting to calculate his mileage based on the Kentwood address because, according to Sanderson Farms, a comparison of the mileage reimbursement forms and the MapQuest printouts reveal that Mr. Varnado still grossly overstated the miles for which he sought to be reimbursed.[2]
*343 DISCUSSION
Louisiana Revised Statute 23:1208(A) provides that “[i]t shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or any other person, to willfully make a false statement or representation.” An employee violating La. R.S. 23:1208 shall, upon determination by a WCJ, forfeit any right to workers | .^compensation benefits. La. R.S. 23:1208(E). The three requirements for the forfeiture of the right to workers’ compensation benefits under Section 1208 are: (1) there is a false statement or representation; (2) it is willfully made; and (3) it is made for the purpose of obtaining or defeating any benefit or payment. Our Lady of the Lake Regional Medical Center v. Mire, 2013-1051 (La.App. 1st Cir.2/18/14), 142 So.3d 52, 56. Because forfeiture of benefits is a harsh remedy, statutory forfeiture must be strictly construed. Id. An employer has the burden of proving each element within the statute, and the lack of any one of the elements is fatal to the employer’s avoidance of liability. Id.
The issue of whether an allegedly false statement or misrepresentation by the employee constitutes a forfeiture of workers’ compensation benefits pursuant to La. R.S. 23:1208 is one of fact, which may not be disturbed in the absence of manifest error. Id. Under that standard of review, in order to reverse the WCJ’s determination that Mr. Varnado did not willfully make false statements for the purpose of obtaining workers’ compensation benefits in violation of Section 1208, this court must find that a reasonable factual basis for the finding did not exist and that the finding is clearly wrong (manifestly erroneous). Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). On appeal, the issue to be resolved by this court is not whether the WCJ was right or wrong, but whether the WCJ’s conclusion was a reasonable one. Id.
In written reasons for judgment, the WCJ articulated why she found that, based on all of the evidence presented, Sander-son Farms failed to carry its burden of proving that Mr. Varnado intentionally lied about where he was living and traveling to and from in order to get a higher reimbursement for his mileage. Specifically, she noted that Mr. Varnado is a man of limited education who did not present himself as untruthful for the purpose of obtaining workers’ compensation benefits. She concluded that Mr. Varnado expected the workers’ compensation lfisystem, through the nurse case manager at Sand-erson Farms’ plant and the adjustor handling his claim, to help him through the part of the system that he did not truly understand, which included the mileage reimbursement process. The WCJ stated that Mr. Varnado expected those handling his claim to “fix” what he did not get correct and did not even contemplate that they would not “fix” it if he did not get it correct. She specifically found that Mr. Varnado’s testimony of his attempts to get help with his mileage reimbursement was credible, despite the adjustor’s denial that she had any conversations with Mr. Varna-do regarding the mileage issue.
Additionally, the WCJ stressed that the evidence showed that the issue of Mr. Var-nado’s having moved was discussed between the adjustor(s) and the nurse case manager, and while the adjustor insisted that Mr. Varnado did not move, it was never established how she knew this. In short, the WCJ found that the issue regarding Mr. Varnado’s address should have been discussed with Mr. Varnado; however, this was never done by the adjus *344 tor, and without much investigation, the adjustor simply concluded that the Sims Lane address was Mr. Varnado’s address for the purpose of his mileage reimbursement request. The WCJ also took issue with Sanderson Farms’ surveillance evidence, noting that the surveillance reports contained statements that Mr. Varnado was confirmed to be at the Sims Lane address without the investigator at the site actually seeing Mr. Varnado there and that more than one investigator could not offer any evidence of how it was actually known that Mr. Varnado was at the residence.
In this case, the WCJ thoroughly assessed Mr. Varnado’s credibility in determining that he did not willfully make false statements for the purpose of obtaining workers’ compensation benefits. Where, as here, the WCJ’s factual determination is based on a credibility determination, the manifest error standard of review demands great deference to the trier of fact’s findings, for only the fact finder can be aware of the variations in demeanor and tone that bear so heavily on [7the listener’s understanding and belief in what is said. See Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
After reviewing the record and giving due deference to the WCJ’s credibility determination, we find that the WCJ’s ultimate factual determination that Mr. Varnado did not submit the mileage reimbursement request with the intent to defraud the workers’ compensation system is reasonably supported by the record and is not manifestly erroneous. Accordingly, we may not disturb the WCJ’s ruling that Mr. Varnado did not violate La. R.S. 23:1208.
CONCLUSION
For the foregoing reasons, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant, Sander-son Farms, Inc.
AFFIRMED.

. The record reflects that the workers’ compensation adjustor issued Mr. Varnado a check on the reimbursement request in the amount of $177.63, reflecting reimbursement for 348.30 miles calculated between the Sims Lane address and the various locations.

. In its brief, Sanderson Farms submits a table purporting to show that difference in the mileage calculation for five of the six medical providers using the Kentwood address. Utilizing Sanderson Farms’ comparison, we note that for 14 of the 15 appointments listed on Mr. Varnado's mileage reimbursement request, the total mileage differential is 46.96 miles.