WELCH, J.
|.Jn this workers’ compensation dispute, the employer, Alsco, Inc. (“Alsco”), and its workers’ compensation claims administrator, Alternative Service Concepts, appeal a judgment rendered in favor of the employee, Randolph Brown, which found, among other things, that Mr. Brown had not violated La. R.S. 23:1208. Finding no error in the factual findings made by the workers’ compensation judge (“WCJ”), we affirm the judgment and issue this memorandum opinion in compliance with Uniform Rules—Courts of Appeal, Rule 2-16.1(B).
BACKGROUND
Mr. Brown was employed as a route sales driver for Alsco. On or about October 1, 2014, Mr. Brown was unloading some dirty linen hampers from his work truck when he felt a sudden and sharp pain to his back, neck, and shoulders. According to Mr. Brown, he continued to work that day hoping that his pain would subside. However, the next day Mr. Brown claimed that he woke up in serious pain; therefore, he sought medical treatment and reported the accident and injury to his employer. Following this incident, on October 6, 2014, Alternative Service Concepts commenced *47 paying workers’ compensation indemnity benefits and authorized medical treatment.
In November 2014, Mr. Brown had an MRI of his right shoulder, which revealed a tear in his rotator cuff. The rotator cuff tear was surgically repaired in February 2015 by Dr. Matti Palo, an orthopedic surgeon. In December 2014, Mr, Brown was evaluated by Dr. Rand Voorhies, a neurosurgeon, for his neck pain, and was diagnosed with having a right-sided disc herniation at C4-5. After several months of conservative treatment, in July 2015, Dr. Voorhies believed that Mr. Brown was a candidate for an anterior cervical discecto-my and fusion and that he was suffering from a disc osteophyte complex at C4-5. In August 2015, Mr. RBrown saw Dr. Karen Ortenberg, a physical medicine and rehabilitation specialist, who provided work restrictions for Mr. Brown.
On September 29, 2015, Alsco notified Mr. Brown that it was terminating his workers’ compensation indemnity . and medical benefits effective October 4, 2015, on the basis that Mr. Brown had allegedly committed fraud. In response, on October 5, 2015, Mr. Brown filed a disputed, claim for compensation against Alsco and Alternative Service Concepts asserting claims with respect to the failure to authorize medical treatment; the improper .termination of workers’ compensation wage benefits; Mr. Brown’s disability status; and penalties, attorney fees, costs, and interest for the arbitrary and capricious termination of benefits. Alsco answered the suit and raised the affirmative defense of fraud, essentially claiming that Mr. Brown had knowingly and willfully made false statements and/or representations regarding his medical condition and limitations to both physicians and Alsco to obtain workers’ compensation benefits in violation of La. R.S. 23:1208.
Around the beginning of January 2016, and after Mr. Brown’s workers’ compensation benefits were terminated, he obtained a part-time light duty job at the Pelican Athletic Club working in the locker room doing laundry and folding towels. Several months later, he was promoted to a tennis court' technician, which was a full-time position. However, this position required him to perform some activities that were outside of his restrictions. Due to family issues, Mr. Brown quit this job in May 2016, at which time he was earning $10.00 per hour.
A trial was held before the WCJ on June 6 and 7, 2016. The issues presented at trial were: whether Mr. Brown had an accident within the course and scope of his employment with Alsco on October 1, 2014; whether Mr. Brown had violated La. R.S. 23:1208 (or committed fraud); whether Mr. Brown was entitled to workers’ compensation indemnity and medical benefits; whether Mr. Brown Dwas entitled to penalties and attorney fees from Alsco; and whether Mr. Brown was entitled to judicial interest and costs of litigation. On August 29, 2016, the WCJ rendered and signed a judgment, finding in favor of Mr. Brown on most of the issues presented for trial. The WCJ specifically found that Alsco did not carry its burden of proving that Mr. Brown violated La. R.S. 23:1208 by willfully making misrepresentations and false statements to Alsco and/or his treating physicians for the purpose of obtaining workers’ compensation benefits. From this judgment, Alsco has appealed, challenging the WCJ’s determinations with respect to whether Mr. Brown violated La. R.S. 23:120s.[1]
*48 DISCUSSION
Louisiana Revised Statutes 23:1208(A) provides that “[i]t shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.” An employee violating La. R.S. 23:1208 shall, upon determination by a WCJ, forfeit any right to workers’ compensation benefits. La. R.S. 23:1208(E). The three requirements for the forfeiture of the right to workers’ compensation benefits under La. R.S. 23:1208 are: (1) there is a false statement or representation; (2) it is willfully made; and (3) it is made for the purpose of obtaining or defeating any benefit or payment. Our Lady of the Lake Regional Medical Center v. Mire, 2013-1051 (La. App. 1st Cir. 2/18/14), 142 So.3d 52, 56. An employer has the burden of proving each element within this statute, and the lack of any one of the elements is fatal to the employer’s avoidance of liability. Id.
The issue of whether an allegedly false statement or misrepresentation by the employee constitutes a forfeiture of workers’ compensation benefits pursuant to IfiLa. R.S. 23:1208 is one of fact, which may not be disturbed in the absence of manifest error. Id. Under that standard of review, in order to reverse the WCJ’s determination that Mr. Brown did not willfully make false statements or representations for the purpose of obtaining workers’ compensation benefits in violation of La. R.S. 23:1208, this court must find that a reasonable factual basis for the finding did not exist and that the finding is clearly wrong (manifestly erroneous). See Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La. 1993). On appeal, the issue to be resolved by this court is not whether the WCJ was right or wrong, but whether the WCJ’s conclusion was a reasonable one.
In this case, Alsco contends that Mr. Brown violated La. R.S. 23:1208 and forfeited his workers’ compensation benefits because he misrepresented to his treating physicians and Alsco the extent of the injuries he suffered, the limitations on his activities, and his ability to perform the job duties of his pre-accident employment. In support of this contention, Alsco relied heavily on the video surveillance it obtained from a private investigator, which Alsco maintains depicts Mr. Brown, performing activities that were not consistent with his complaints to his treating physicians or Alsco. Video surveillance of Mr. Brown was obtained on September 17 and 18, 2015 and essentially depicts Mr. Brown riding a bicycle to the grocery store and back home, washing an elliptical machine and then moving it into his home, and running various errands, including going to a doctor’s appointment. The footage obtained from this video surveillance was the basis of Alsco’s termination of Mr. Brown’s workers’ compensation benefits. Video surveillance of Mr. Brown was also conducted in April, 2016, after his workers’ compensation benefits were terminated, depicting Mr. Brown working at the Pelican Athletic Club.
|fiAs noted above, in its judgment, the WCJ specifically found that Alsco did not carry its burden of proof that Mr. Brown violated La. R.S. 23:1208 by willfully making misrepresentations and false statements to Alsco or to his treating physicians for the purpose of obtaining workers’ *49 compensation benefits. Based on all of the evidence presented, we cannot say that the WCJ’s factual determinations in this regard were manifestly erroneous. The record contains no evidence indicating that Mr. Brown willfully made any false statement or representation to his physicians or Alsco regarding any of his injuries or capabilities, much less a false statement or representation made specifically for the purpose of obtaining workers’ compensation benefits. First and foremost, we note that Mr. Brown never claimed to either his physicians or Alsco that he could not perform any of the specific activities depicted in the surveillance video. Mr. Brown specifically testified that he could perform activities, but that some activities caused “flare ups” and increased his pain. Furthermore, Mr. Brown explained that his reports of pain to his physicians were based on when the pain was at its worst (ie., when he was having a “flare up”), and not his exact pain level at that particular visit. In addition, Mr. Brown never denied that he had obtained work at Pelican Athletic Club following the termination of his workers’ compensation benefits and he voluntarily provided documentation of his income to Alsco.
Furthermore, with respect to the video surveillance of Mr. Brown, in the WCJ’s written reasons for judgment, she found that Mr. Brown “was very credible and [that] his explanations were reasonable as to events/issues raised by [Alsco]”, and that Alsco’s “interpretation of many events/issues were shaky and ill-founded.” The WCJ also found that “[Alsco’s] private investigator’s report was misleading in that it left out critical facts of events that he observed but chose not to put in his report” and that the private investigator admitted these omissions at trial. We find that the WCJ’s findings in this regard are fully supported by the |7record and were not manifestly erroneous. For example, Al-sco, in its answer asserting the affirmative defense of fraud, maintained that on September 17, 2015, Mr. Brown reported at physical therapy that he had difficulty driving (among other things), but that the video surveillance on September 18, 2015 depicted Mr. Brown driving to the doctor’s office, waiting in the parking lot, meeting an unidentified male in the parking lot at the doctor’s office, and then having that unidentified male sit in the driver’s seat of Mr. Brown’s car during the appointment to make it appear as though someone had to drive Mr. Brown to his appointments. However, Mr. Brown testified that on September 18, 2015, he drove to a doctor’s appointment with his minor child, who was sleeping in the backseat of the car. Mr. Brown explained that his son has cancer and a weakened immune system and that instead of bringing his son into the doctor’s office, he had his cousin, Harry Brown, meet him in the parking lot to watch the minor child while Mr. Brown went to his appointment. This was confirmed by the testimony of Harry Brown. Initially, the private investigator denied that anyone else was in Mr. Brown’s car; however, he subsequently admitted that there was a child in the car. The private investigator did not include the child in the video or document that fact in his written report and had no explanation for that omission.
It is clear that the WCJ thoroughly assessed Mr. Brown’s credibility in determining that he did not willfully make false statements or representations for the purpose of obtaining workers’ compensation benefits. Where, as here, the WCJ’s factual determination is based largely on credibility determinations, the manifest error standard of review demands great deference to the trier of fact’s findings, for only the fact finder can be aware of the variations in demeanor and tone that bear *50 so heavily on the listeners understanding and belief in what is said. See Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). After reviewing the record and giving due. deference to the WCJ’s credibility determination, we find that thejjWCJ’s determination that Alsco failed to. prove that Mr. Brown violated La. R.S. 23:1208 by willfully making misrepresentations and false statement to Alsco and/or his treating physicians for the purpose of obtaining workers’ compensation benefits is reasonably supported by the record and is not manifestly erroneous. Accordingly, the judgment is affirmed.
CONCLUSION
For all of the foregoing reasons, the August 29, 2016 judgment of the WCJ is affirmed. All costs of this appeal are assessed to the appellants, Alsco, Inc. and Alternative Services Concept.
AFFIRMED.
Holdridge J. Concurs
Crain J. Concurs

. Alsco also assigned as error the WCJ’s determinations that Mr. Brown had $0 earning capacity from October 5, 2015 to December 31, 2015. However, that assignment of error *48 was not briefed; thus, it is deemed abandoned. See Uniform Rules-Courts of Appeal, Rule 2—12.4(B)(4).