STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2018CA1660

ELMER CREEL, JR.

VERSUS

AMERICAN PRIDE, INC.

*Judgment Rendered:* ___OCT 0 1 2019___

********

Appealed from the Office of Workers' Compensation
In and for the Parish of Washington
State of Louisiana
Docket No. 17-04621

The Honorable Robert Varnado, Presiding

********

| | |
|---|---|
| Simon R. Nugent<br>Bogalusa, Louisiana | Counsel for Plaintiff/Appellant<br>Elmer Creel, Jr. |
| Jack E. Truitt<br>Covington, Louisiana | Counsel for Defendant/Appellee<br>American Pride, Inc. |

********

BEFORE: WELCH, CHUTZ, AND LANIER, JJ.

**LANIER, J.**

Claimant/appellant, Elmer Creel, Jr., seeks review of a judgment rendered by the Office of Workers' Compensation (OWC), decreeing that he violated the provisions of La. R.S. 23:1208 and, as such, forfeited his right to collect medical and indemnity benefits. For the following reasons, we affirm the judgment.

On July 31, 2017, Mr. Creel filed a disputed claim for compensation against defendant, American Pride, Inc. ("American Pride"), regarding what he alleged was a work-related motor vehicle accident that he was involved in on May 18, 2017. Mr. Creel alleged that American Pride did not pay him any indemnity benefits or authorize any medical treatment following the accident. He maintained that said actions were arbitrary and capricious, thus also entitling him to penalties, attorney fees, and judicial interest. After hearing the matter, the OWC hearing officer rendered judgment on July 24, 2018, in favor of American Pride and against Mr. Creel, finding that Mr. Creel made willful and false statements for the purpose of obtaining workers' compensation benefits and, therefore, forfeited his entitlement to workers' compensation benefits in accordance with La. R.S. 23:1208.

This appeal by Mr. Creel followed. Mr. Creel alleges the OWC hearing officer erred in not awarding him workers' compensation benefits in the form of medical, temporary total disability benefits, and penalties and attorney fees in connection with his work-related accident on May 18, 2017. Mr. Creel further asserts that the OWC hearing officer erred in finding that he made intentional false statements regarding his medical and accident history for the purpose of obtaining workers' compensation benefits. Mr. Creel acknowledges that although he was a "poor historian and simply forgot about his history beyond the 2007 accident," he never tried to hide or conceal any information about that accident and "expressly stated in his deposition that he ... still [had] pain in his neck and back if he overdid

2

it at work in the years after the 2007 accident." Thus, he maintains, American Pride failed to meet its burden of proving La. R.S. 23:1208 fraud in this case.[1]

Pursuant to La. R.S. 23:1208(A), "[i]t shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation." An employee violating La. R.S. 23:1208 shall, upon determination by an OWC hearing officer, forfeit any right to compensation benefits. La. R.S. 23:1208(E). The three requirements for the forfeiture of the right to workers' compensation benefits under La. R.S. 23:1208 are: (1) there is a false statement or representation; (2) it is willfully made; and (3) it is made for the purpose of obtaining or defeating any benefit or payment. **Our Lady of the Lake Regional Medical Center v. Mire**, 2013-1051 (La. App. 1 Cir. 2/18/14), 142 So.3d 52, 56. Because forfeiture of benefits is a harsh remedy, statutory forfeiture must be strictly construed. *Id.* An employer has the burden of proving each element within the statute, and the lack of any one of the elements is fatal to the employer's avoidance of liability. *Id.*

The issue of whether an employee forfeited workers' compensation benefits by willfully making false statements is one of fact, which should not be reversed on appeal absent manifest error. **Bernard v. Petro Stopping Centers**, 2007-0387

---

[1] Mr. Creel also challenges the introduction of two pages of his "Examination Under Oath," which was taken after his original deposition. According to Mr. Creel, the entirety of the "Examination Under Oath" was never properly offered or introduced into evidence. Rather, Mr. Creel maintains the pages were attached to American Pride's post-trial memorandum, which was later adopted by the OWC hearing officer as its reasons for judgment. We note that with or without these two pages, the OWC hearing officer had sufficient evidence before it of Mr. Creel's misrepresentations of fact regarding the accident and his medical history. Moreover, although Mr. Creel makes reference in brief to the OWC hearing officer not striking these "improper portions" of the post-trial memorandum despite his objection, we can find no such objection in the record before us. We find this to be harmless error and in no way prejudicial to Mr. Creel. See **Duzon v. Stallworth**, 2001-1187 (La. App. 1 Cir. 12/11/02), 866 So.2d 837, 860-861, writs denied, 2003-0589, 2003-0605 (La. 5/2/03), 842 So.2d 1101, 1110 ("Error has been defined as harmless when it is 'trivial, formal, merely academic, and not prejudicial to the substantial rights of the party assigning it, and where it in no way affects the final outcome of the case.'").

3

(La. App. 1 Cir. 11/2/07), 977 So.2d 49, 54, writ denied, 2008-0100 (La. 3/7/08), 977 So.2d 917. Under that standard of review, in order to reverse the OWC hearing officer's determination that Mr. Creel made willfully false statements for the purpose of obtaining workers' compensation benefits in violation of Section 1208, this court must find that a reasonable factual basis for the finding did not exist and that the finding is clearly wrong (manifestly erroneous). **Stobart v. State, Department of Transportation and Development**, 617 So.2d 880, 882 (La. 1993). On appeal, the issue to be resolved by this court is not whether the OWC hearing officer was right or wrong, but whether the OWC hearing officer's conclusion was a reasonable one. *Id.* Therefore, if there is a reasonable evidentiary basis for the factual findings of the OWC hearing officer, his factual determinations will not be disturbed on appeal. **Bazar v. Hull**, 95-1427 (La. App. 1 Cir. 2/23/96), 669 So.2d 603, 604.

The record before us is replete with inconsistencies regarding the accident and Mr. Creel's medical history sufficient to establish an evidentiary basis for the OWC hearing officer's factual findings. According to the record, Mr. Creel told his treating physician that his truck flipped over during the accident in question. However, when asked about this at trial, Mr. Creel stated, "I said it done everything but flip the truck. ... And I said it felt like I flipped the truck but I didn't." During his deposition, Mr. Creel indicated that the impact "jackknifed the trailer, drug the trailer and all that." When asked about the damage to the truck, Mr. Creel responded, "It caved the sleeper in. I jackknifed the truck. I busted tires and rims trying to get stopped and I blew the tires out. I burnt the rubber off of them."

Kimberly Castleberry, who owns American Pride with her husband Reggie, testified regarding the accident. She arrived on the accident scene shortly after it occurred and inspected the truck. According to Mrs. Castleberry, the damage to

the truck was minimal. It did not appear that the truck had overturned in any way, and the sleeper was not crushed in as Mr. Creel had indicated. In fact, the truck was driven away from the scene of the accident by another employee and was still in service at the time of trial. When asked about repairs to the truck, she noted that she was only aware of a tire needing to be changed because of a "nick" that would have prevented it from passing inspection.

Mr. Creel reported the accident to his employer and was taken to the hospital in an ambulance. He soon began treating with Dr. John Logan, the orthopedic surgeon who had previously treated him concerning another workers' compensation case. According to the record, Mr. Creel had sustained a fractured back in a 2007 accident and later underwent a cervical fusion in November 2007 and a lumbar fusion in June 2009. In his deposition, Mr. Creel indicated that he made a good recovery following these surgeries and that he was back to doing the "whole nine yards"—back to work, riding motorcycles, and able to walk, even though he had been confined to a wheelchair for over a year after the 2007 accident.

However, Mr. Creel admitted at trial that he had never been totally pain free in the last ten years and that he had good days and bad days. He explained that he "always hurt the worst" when he did maintenance work like working on the truck tires and brakes. Mr. Creel even acknowledged that he and Dr. Logan discussed the removal of the hardware in his back because he was "having a little bit of problem with it." Mr. Creel indicated that he could not afford the procedure because Dr. Logan did not accept his insurance. Further, records from Lady of Angels Hospital reveal that Mr. Creel was using marijuana for back pain on a regular basis months before the accident at issue and also had x-rays of his lumbar and cervical spine done during the same time period. Ironically, despite this testimony, when asked what he believed he was owed following the accident in

question, Mr. Creel stated, "I want to get my back fixed. You know, it wasn't messed up before the accident."

Moreover, Mr. Creel's denial of any prior neck/back pain or prior falls and/or motor vehicle accidents is inconsistent with the record evidence. Mr. Creel's medical records detail numerous visits, dating back as far as 1988, where Mr. Creel made complaints regarding back and neck pain, some related to trauma and/or accident.

After a thorough review and evaluation of the record and based on the totality of the circumstances, we cannot say that the OWC hearing officer lacked a reasonable basis for his findings and conclusion. At trial, the testimony and evidence clearly revealed that Mr. Creel submitted inaccurate and false statements regarding his medical and accident history. Although Mr. Creel has offered several explanations for these discrepancies, the OWC hearing officer found that Mr. Creel made willful and false statements for the purpose of obtaining workers' compensation benefits in violation of La. R.S. 23:1208. This finding is not only supported by the testimony and evidence, but also by the numerous inconsistencies in the information given by Mr. Creel to his doctors, in his deposition, and at trial.

Considering the testimony and evidence in this matter, we find that the OWC hearing officer did not err in finding that Mr. Creel made willful and false statements for the purpose of obtaining workers' compensation benefits in violation of La. R.S. 23:1208, and thus, forfeited his right to receive benefits. Accordingly, we affirm the judgment of the OWC hearing officer.

## DECREE

For the reasons set forth above, we affirm the July 24, 2018 decision of the OWC hearing officer, finding that Mr. Creel forfeited his right to workers' compensation benefits pursuant to La. R.S. 23:1208 and dismissing his claim for

6

benefits. We assess all costs associated with this appeal against Elmer Creel, Jr.

**AFFIRMED.**